A93A0328. JONES v. THE STATE.
(431 SE2d 136)

JOHNSON, Judge.

Billie Jones pled guilty to violation of the Georgia Controlled Substances Act (sale of Alprazolam). At the sentencing hearing, defense counsel requested that the court grant first offender treatment for Jones. The trial judge denied the request, stating: "I have never granted a first offender. I take the position that once you get to the Superior Court, this is a big folks' court, and I don't use the first offender treatment. Never have, never intend to." The court then sentenced Jones to a term of five years probation. Jones appeals from the sentence, arguing that the judge refused to consider first offender

treatment pursuant to a mechanical sentencing policy. We agree.

In *Cottingham v. State*, 206 Ga. App. 197, 199 (3) (424 SE2d 794) (1992) we held: "[A] trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore is an abdication of judicial responsibility." The record reveals that the trial court would not concede that it had a policy with respect to first offender treatment. However, it is clear from the plain language used by the court that it did have a mechanical sentencing policy of never granting first offender status to defendants appearing in superior court. The legislature has specifically provided first offender treatment as a sentencing option in felony cases to be applied at the trial court's discretion. OCGA § 42-8-60; *Todd v. State*, 172 Ga. App. 231 (323 SE2d 6) (1984). The trial court's refusal to consider that option constitutes a refusal to exercise that discretion. The judgment of sentence is vacated, and the case remanded for resentencing with direction that the new sentence not exceed the sentence previously imposed, and the request for first offender status be heard and considered on its merits.

*Sentence vacated and case remanded with direction. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 13, 1993.

*Bruce S. Harvey, Pete C. Whitlock*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Sharon J. Law, Randall K. Coggin, Assistant District Attorneys*, for appellee.