## A00A0552. JACKSON et al. v. THE STATE.
### (535 SE2d 818)

POPE, Presiding Judge.

Tim and Tracy Jackson appeal their convictions for burglary. Tim Jackson has failed to file a brief on appeal, and therefore, his appeal has been dismissed. Tracy Jackson raises three enumerations of error.

1. Jackson contends the evidence was insufficient to support the verdict. Construed in favor of the verdict, the evidence shows that John Dowdy got into an argument with his boss Charlie Welch, the owner of "Charlie's Place," and that he drove from there to his sister's house with two teenage boys talking about how he should get even with Welch. At his sister's house, where there was a party, Dowdy continued to talk with several people about taking revenge by breaking into Charlie's Place and stealing the cash box. One of the boys

---

testified that the Jacksons were present when Dowdy was discussing his plan.

Then, in the middle of the night, Dowdy, the Jacksons, and one of the boys got into a van with Tracy Jackson driving. The boy testified that Dowdy discussed how he was going to break in, and they all discussed how they were going to split up the money. Tracy Jackson dropped off Dowdy, and possibly the boy, near Charlie's Place, drove on to Wal-Mart, returned shortly thereafter, and picked up Dowdy who had the cash box and money. The boy testified that they then split up the money and threw the cash box out the window. The boy was able to tell the police where to find the box. Dowdy confessed to the burglary and admitted the essential facts, but he testified that the Jacksons were completely unaware of his plan, were not involved in the crime, and did not get any of the money.

In felony cases, an accomplice's testimony as to the participation of the defendant on trial must be corroborated. OCGA § 24-4-8; *Hanifa v. State*, 269 Ga. 797, 808-809 (7) (505 SE2d 731) (1998). But slight evidence of corroboration is all that is required. *Ledbetter v. State*, 262 Ga. 370, 372 (5) (418 SE2d 57) (1992). And one accomplice may corroborate the testimony of another. *Hanifa,* 269 Ga. at 809. Here, during the investigation, Dowdy gave a written statement to the police implicating the Jacksons, and that statement was put in evidence. This was sufficient to corroborate the young boy's testimony of the Jacksons' involvement, and therefore, the evidence was sufficient to support the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Though she raised no objection at trial, Jackson contends her counsel was ineffective because he had a conflict of interest in that he also represented her husband at trial. On September 22, 1999, after notice of appeal had been filed on behalf of both Tim and Tracy, the trial court relieved the Jacksons' appointed trial counsel from duty and assigned Jason Williams to represent Tracy in any further proceedings. As a result, this appeal was Tracy's first opportunity to raise the issue of ineffective assistance. "Under these circumstances, this case must be remanded to the trial court for a hearing and appropriate findings on this claim." *Seabolt v. State*, 190 Ga. App. 244 (378 SE2d 416) (1989); *Johnson v. State*, 259 Ga. 428, 429-430 (3) (383 SE2d 115) (1989). If the court finds that Tracy Jackson did not receive effective assistance of counsel, a new trial is required. If it finds that she did have effective assistance, she shall have 30 days in which to appeal the trial court's ruling.

3. Jackson also contends the trial court abused its discretion in sentencing her to 20 years probation, the maximum available and the same amount sought by the State. After the State made its request, defense counsel stated, "We would concur with the State as

to the probation for Mrs. Jackson. . . ." But counsel also asked for first offender treatment. In response the court stated, "She already lost first offender, she went to trial. If she wants first offender, she enters a plea. I won't consider that."

In *Cottingham v. State*, 206 Ga. App. 197, 199 (3) (424 SE2d 794) (1992), we held: "[A] trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore is an abdication of judicial responsibility." The court's statement indicates that it had a mechanical policy of refusing to consider first offender status for those who chose to go to trial. See, e.g., id. at 198-199 (3); *Jones v. State*, 208 Ga. App. 472, 473 (431 SE2d 136) (1993).

"The legislature has specifically provided first offender treatment as a sentencing option in felony cases to be applied at the trial court's discretion. OCGA § 42-8-60; [cit.]" *Jones*, 208 Ga. App. at 473. And, that Code section applies to sentencing after both pleas and verdicts. OCGA § 42-8-60 (a). The trial court's refusal to consider first offender status after a verdict is a refusal to exercise discretion. Cf. *Jones*, 208 Ga. App. at 473. "The judgment of sentence is vacated, and the case remanded for resentencing with direction that the new sentence not exceed the sentence previously imposed, and the request for first offender status be heard and considered on its merits." Id.

*Sentence vacated and case remanded with direction. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 13, 2000.

*Germano & Kimmey, C. David Turk III, Clarkson & Williams, Jason S. Williams, Kerry L. Ingram*, for appellants.

*N. Stanley Gunter, District Attorney, Gerald W. Bruce, Assistant District Attorney*, for appellee.