## A01A0498. THRELKELD v. THE STATE.
(550 SE2d 454)

BLACKBURN, Chief Judge.

Following a guilty plea, Larry Wayne Threlkeld, proceeding pro se, appeals his conviction for public indecency, contending that he was (1) denied his right to effective assistance of counsel, (2) entitled to first offender treatment, and (3) not sentenced as a first offender

---

because of his status as an attorney.[1] For the reasons that follow, we affirm.

1. Threlkeld argues that he was denied effective assistance of counsel because his counsel below was not adequately prepared to handle a trial, and, therefore, he had no choice but to plead guilty. The State rightly contends that because Threlkeld did not raise this issue in the trial court, he has waived it on appeal.

An ineffectiveness claim must be asserted at the earliest practicable moment and before appeal when the opportunity to raise such claim is available. *Simpson v. State.*[2] The failure to do so results in a waiver of that issue. *Howard v. State.*[3]

The proper method for raising ineffective assistance of counsel in the entry of a guilty plea is "to move in the trial court to withdraw [the] guilty plea and, if that motion is denied, to appeal from the denial of his motion." *Aikens v. State.*[4] This is because "that issue can be developed only by a post-plea hearing in the trial court." Id. Nonetheless, ineffective assistance of counsel "may be raised for the first time in the direct appeal *if* the direct appeal marks the first appearance of new counsel." (Emphasis supplied.) *Holt v. State.*[5] In this regard, "[a] pro se petitioner is in a position similar to that of new counsel." *White v. Kelso.*[6]

Here, Threlkeld, an attorney, filed a pro se notice of appeal in the trial court six days after the trial court's entry of judgment. Thus, Threlkeld had "new counsel" while the case was still before the trial court and could have motioned the court to allow him to withdraw his guilty plea. If the motion was denied, Threlkeld could have appealed the trial court's denial. See *Aikens*, supra. Because Threlkeld did not raise the issue in the trial court, where it was first practicable to do so, he has waived this issue.

2. In two enumerations, Threlkeld argues that the trial court abused its discretion by not sentencing him as a first offender. Threlkeld contends that the court denied him first offender status because he is an attorney.

The First Offender Act provides that "in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant: (1) [d]efer further proceeding and place the defendant on probation as provided by law; or (2) [s]entence the defendant to a

---

[1] As of January 8, 2001, Threlkeld was disbarred. *In the Matter of Threlkeld*, 273 Ga. 331 (539 SE2d 823) (2001).

[2] *Simpson v. State*, 238 Ga. App. 109, 112 (2) (517 SE2d 830) (1999).

[3] *Howard v. State*, 233 Ga. App. 724, 729-730 (7) (505 SE2d 768) (1998).

[4] *Aikens v. State*, 241 Ga. App. 816, 817 (527 SE2d 916) (2000).

[5] *Holt v. State*, 205 Ga. App. 40, 42 (3) (421 SE2d 131) (1992).

[6] *White v. Kelso*, 261 Ga. 32, 33 (401 SE2d 733) (1991).

term of confinement as provided by law." OCGA § 42-8-60 (a). Whether to sentence a defendant as a first offender lies entirely within the discretion of the trial court. *Moore v. State*.[7]

Threlkeld pled guilty to fondling the crotch area of a male juvenile client while the client was detained at a youth detention center. In considering Threlkeld's request for first offender treatment, the trial court observed that Threlkeld was a 50-year-old attorney who had special access to the victim who was only 17 years old. The trial court noted that in addition to the attorney-client relationship, "[t]here was also the relationship that a young person has with an older mentor. . . . Threlkeld breached the important obligations of both relationships." Therefore, the trial court exercised its discretion and denied defendant's request for first offender treatment. The trial court imposed a 12-month sentence, with 30 days to be served in custody.

Refusal to consider first offender treatment as part of a sentencing formula or policy by automatic denial constitutes an abuse of discretion and constitutes reversible error. *Jones v. State*.[8] Such is not the case here. The trial court, acknowledging that it was "an extraordinarily difficult case for sentencing purposes," offered a well-reasoned ruling on why it was denying Threlkeld first offender status. Contrary to Threlkeld's assertions, the ruling was based not only on his status as an attorney, but on the relative ages of those involved and the fact that the victim was not free to leave the room.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JUNE 8, 2001.

Larry W. Threlkeld, *pro se.*
Barry E. Morgan, *Solicitor-General,* for appellee.

---

[7] *Moore v. State*, 236 Ga. App. 889, 890 (514 SE2d 73) (1999).
[8] *Jones v. State*, 208 Ga. App. 472, 473 (431 SE2d 136) (1993).