A02A0548. COOK v. THE STATE.
(568 SE2d 482)

BARNES, Judge.

Following a jury trial, Mark Cook was convicted of simple battery, OCGA § 16-5-23, and sentenced to 12 months probation and a $200 fine. He now appeals. Cook does not challenge the sufficiency of the evidence, but instead contends that the trial court erred by refusing to consider his request for first offender status. He also asserts that the trial court imposed an unenforceable condition of probation. For the reasons that follow, we vacate and remand for resentencing.

1. Cook argues that the trial court failed to exercise its discretion by refusing to consider sentencing him as a first offender, because he did not enter a plea, but opted for a jury trial instead.

When trial counsel proposed that Cook, who was 17 and whose altercation involved his father, should be sentenced to first offender status, the court responded:

> Mr. Cook, you have lost your chance for first offender. Even when it was pointed out to you that the jury was split four to two in favor of conviction, with two jurors indicating they could change their minds, you still maintained your desire

to get a jury verdict and you did. So that's of your own making, and you will live with that.

The First Offender Act provides that, for a defendant without prior felony convictions, a court may defer entering a judgment of guilt and place the defendant on probation or in confinement. OCGA § 42-8-60 (a). While the decision whether to sentence a defendant as a first offender lies entirely within the trial court's discretion (*Moore v. State*, 236 Ga. App. 889, 890 (514 SE2d 73) (1999)), the trial court is required to exercise that discretion rather than apply an inflexible rule. In *Cottingham v. State*, 206 Ga. App. 197, 198-199 (3) (424 SE2d 794) (1992), the trial court sentenced the defendant to serve his sentences consecutively to a sentence he was serving in another state, announcing that it always made it a policy to impose any sentence consecutive to any sentence already being served that it had not imposed. Id. at 198. We remanded for resentencing, holding that "a trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore is an abdication of judicial responsibility." Id. at 199 (3).

We found a similar abdication of responsibility when a trial court announced that it had never granted first offender treatment and never would. *Jones v. State*, 208 Ga. App. 472 (431 SE2d 136) (1993). We have also held that a trial court's statement that the defendant "already lost first offender" by going to trial instead of entering a plea constituted a refusal to exercise discretion. *Jackson v. State*, 244 Ga. App. 477, 479 (3) (535 SE2d 818) (2000). In reiterating that a trial court may not refuse to consider this sentencing alternative because a defendant chose to proceed with a jury trial, we held that "first offender treatment, whether or not ultimately rejected, may not mechanistically be precluded without consideration on the merits as a part of the exercise of the trial court's discretion during sentencing." *Stovall v. State*, 251 Ga. App. 7, 10 (2) (553 SE2d 297) (2001).

"The judgment of sentence is vacated, and the case remanded for resentencing with direction that the new sentence not exceed the sentence previously imposed, and the request for first offender status be heard and considered on its merits." (Citation and punctuation omitted.) *Jackson v. State*, supra, 244 Ga. App. at 479 (3).

2. As a special condition of probation, the trial court ordered Cook to

have no contact, violent contact with anyone for any reason. This means that when you walked in the door today, you had the right to use physical force to defend yourself or to defend someone else. You no longer have that right. If some-

one threatens you, forces you, you can't defend yourself or anyone else. You have to be the first one to run away and call 911.

While a condition of probation providing that the defendant is not permitted to defend himself if attacked may be invalid because it could place him in danger (see *Williams v. State*, 234 Ga. App. 37 (505 SE2d 816) (1998)), in this case, the written sentence contains no such provision. The special conditions of probation contained within the sentence that was written and filed are simply: "No violence! Live with parents. Obey all house rules." Because a written sentence controls over the trial court's oral pronouncements, we find no error. *Farmer v. State*, 216 Ga. App. 515, 520 (5) (455 SE2d 297) (1995).

Accordingly, the sentence is vacated and remanded to the trial court for resentencing consistent with Division 1 and direction that first offender treatment be considered on its merits.

*Judgment vacated as to sentence and case remanded for resentencing. Pope, P. J., and Ruffin, J., concur.*

DECIDED JULY 3, 2002.

*Patterson & Patterson, Jackie G. Patterson*, for appellant.
*Steven L. Harris, Solicitor-General*, for appellee.