## A02A1136. WILCOX v. THE STATE.
### (571 SE2d 512)

Smith, Presiding Judge.

This case appears here for the second time. In *Wilcox v. State*, 236 Ga. App. 235 (511 SE2d 597) (1999), we affirmed the trial court's denial of Brandon Wilcox's motion to withdraw his guilty plea to one count of armed robbery and two counts of kidnapping.[1] Wilcox then filed a "Motion to Vacate a Void Sentence" on the ground that the trial court failed to exercise its discretion with respect to his request to be sentenced as a first offender. The trial court denied the motion, and Wilcox appeals. We agree with Wilcox that the trial court did not exercise the discretion with which it was vested, and we reverse and remand this case for resentencing.

Comments by the trial court during the hearing on Wilcox's motion to withdraw his plea form the basis of Wilcox's motion to vacate and his arguments on appeal. The court asked defense counsel whether he recalled the court's statement made in a previous hearing that although the court was authorized by law to do so,[2] it "did not intend to give first offender treatment on an armed robbery to reduce the ten years to serve." The trial court made similar statements at other times during the hearing on Wilcox's motion to withdraw, once stating that it refused to sentence Wilcox as a first offender to reduce his ten-year sentence because it "would not do that on an armed robbery." And again the trial court stated that it "would not give first offender in an armed robbery."

Wilcox argues that the trial court refused "to exercise its discretion for which the legislature has specifically provided" and that the sentence is therefore void. We have stated that "[a] trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore is an abdication of judicial responsibility." (Citation and punctuation omitted.) *Jones v. State*, 208 Ga. App. 472, 473 (431 SE2d 136) (1993). And although the decision whether to afford first offender treatment

---

[1] Wilcox was sentenced to ten years to serve on each count, with the sentences to run concurrently.

[2] Before the 1998 amendment to OCGA § 17-10-6.1 and the contemporaneous enactment of OCGA § 42-8-66, a defendant found guilty of a serious violent felony under OCGA § 17-10-6.1 was not barred from obtaining first offender treatment. See *Fleming v. State*, 271 Ga. 587 (523 SE2d 315) (1999). The offenses in this case occurred in 1997.

rests within the trial court's discretion, "the trial court is required to exercise that discretion rather than apply an inflexible rule." *Cook v. State*, 256 Ga. App. 353, 354 (1) (568 SE2d 482) (2002).

We conclude that the trial court in this case adopted an "inflexible rule" with respect to the option of imposing first offender sentences in armed robbery cases; according to the trial court's own statements, it simply would not do so. It is true that in its order denying Wilcox's motion to vacate, the court stated it had "no policy in accepting/rejecting first offender treatment in any particular class of cases." But this is not supported by the trial court's multiple statements during the motion to withdraw hearing that it would not give first offender treatment to defendants in armed robbery cases to reduce the ten-year sentence, despite the fact that it was authorized at the time to do so. Based on the trial court's own language during the hearing, it appears that with regard to the option of sentencing a defendant as a first offender, the trial court engaged in a sentencing policy based solely on the crime charged. And "[a] rigid sentencing policy based solely on the crime with which the defendant is charged is under no reasonable conception an exercise of judicial discretion." (Citation and punctuation omitted.) *United States v. Brown*, 723 F2d 826, 829 (11th Cir. 1984), cited with approval in *Cottingham v. State*, 206 Ga. App. 197, 199 (424 SE2d 794) (1992). By adopting a per se rule of refusing to permit first offender treatment in armed robbery cases occurring before the effective dates of OCGA § 42-8-66 and the amendment to OCGA § 17-10-6.1, the trial court abdicated its judicial responsibility. We therefore remand this case to the trial court for consideration of Wilcox's request to be sentenced as a first offender.

We note the State's argument that Wilcox did not properly seek imposition of sentence as a first offender. Indeed, during the motion to withdraw hearing, Wilcox's trial counsel testified that he did not request first offender treatment on the armed robbery charge because "in my view first offender was not a fact [sic] to an armed robbery case so it was not discussed within that time frame." But because the State had indicated a willingness during plea negotiations to reduce the armed robbery charge to a lesser charge, defense counsel testified he discussed first offender treatment with Wilcox "in the context of the State's recommendation to reduce the charges."[3]

---

[3] These negotiations occurred in the trial court's presence, with the trial court's participation. During several discussions about the case, the court entertained the possibility of allowing the State to proceed on reduced charges. But after reviewing the State's investigative file and reading what it believed to be inculpatory statements by Wilcox and his co-defendant, and after Wilcox's co-defendant pled guilty and gave testimony that failed to exonerate Wilcox, the court would not allow the State to proceed on lesser charges.

Despite the testimony of Wilcox's defense counsel, however, statements made by the trial court indicate that first offender treatment was requested. As discussed above, during the motion to withdraw hearing, the trial court recounted events that occurred before Wilcox entered his guilty plea. In particular, the trial court recalled its response to defense counsel's argument that first offender treatment was permissible in armed robbery cases. The court stated it had told defense counsel it "would not give first offender on an armed robbery." We simply cannot say that Wilcox waived his arguments concerning the trial court's refusal to consider sentencing him as a first offender. Compare *Griffin v. State*, 244 Ga. App. 447 (535 SE2d 783) (2000) (no obligation on trial court to consider first offender treatment when option not requested).

*Judgment vacated as to sentence and case remanded for resentencing. Eldridge and Ellington, JJ., concur.*

DECIDED SEPTEMBER 20, 2002.

*Marcus C. Chamblee*, for appellant.
*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney*, for appellee.