## A02A2014. RAMAGE v. THE STATE.

(578 SE2d 245)

SMITH, Chief Judge.

Timothy Ramage was found guilty by a jury of felony terroristic threats, felony obstruction of a law enforcement officer, misdemeanor fleeing or attempting to elude, misdemeanor obstruction of a law enforcement officer, and misdemeanor disorderly conduct. He was

sentenced to five years probation and a $500 fine on Count 3, felony terroristic threats, and he was ordered to undergo anger management treatment and perform 100 hours of community service. On the remaining counts he received probation and fines, and all sentences were to run concurrently.[1] Following the denial of his motion for new trial, he appeals. In his sole enumeration of error, he contends the trial court erred in failing to consider sentencing him to first offender treatment. We agree and reverse.

The record shows that at the sentencing hearing, held two days after the trial ended, Ramage presented evidence from his wife, his pastor, and his employer, and he testified himself. The evidence showed that Ramage was 45 years old, married with children, and had no prior record. The State did not present evidence in aggravation. After the judge pronounced sentence, Ramage's attorney inquired about first offender treatment. The court responded: "He should have done that through a motion. He had the opportunity to do that earlier. After he serves his time, he can get his civil rights back."

> We have stated that a trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore is an abdication of judicial responsibility. And although the decision whether to afford first offender treatment rests within the trial court's discretion, the trial court is required to exercise that discretion rather than apply an inflexible rule.

(Citations and punctuation omitted.) *Wilcox v. State*, 257 Ga. App. 519-520 (571 SE2d 512) (2002).

The facts in this case are different from those in *Wilcox*. But here, as in *Wilcox*, we conclude that the trial court adopted an "inflexible rule." OCGA § 42-8-60 is silent as to how the request for first offender treatment should be made. Clearly, the statute does not require that it be sought by motion. It is apparent from a review of other cases that such treatment is routinely sought orally at sentencing. See, e.g., *Cook v. State*, 256 Ga. App. 353 (1) (568 SE2d 482) (2002); *Jones v. State*, 208 Ga. App. 472 (431 SE2d 136) (1993).[2]

We therefore vacate the sentence and remand this case for resen-

---

[1] On the charge of fleeing or attempting to elude, he also received the mandatory minimum of ten days in jail, but he was credited with time served and did not have to return to jail.

[2] Although subsection (a) of the statute does provide that first offender treatment is appropriate "[u]pon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt," and in this case the judge had pronounced sentence, that sentence was

tencing with direction that the new sentence not exceed the sentence previously imposed and that the request for first offender status be heard and considered on its merits. See *Jackson v. State*, 244 Ga. App. 477, 479 (3) (535 SE2d 818) (2000).

*Judgment vacated as to sentence and case remanded for resentencing with direction. Eldridge and Ellington, JJ., concur.*

DECIDED FEBRUARY 12, 2003.

*Hal T. Peel*, for appellant.

*J. Thomas Durden, Jr., District Attorney, John B. Cloy, Assistant District Attorney, Vincent D. Sowerby*, for appellee.

---

not legally an "adjudication" until entered. "[N]o judgment is effective until it is signed by the judge and filed with the clerk. [Cit.]" *Crowell v. State*, 234 Ga. 313 (215 SE2d 685) (1975).