A03A1241. WNEK v. THE STATE.
(586 SE2d 428)

BARNES, Judge.

Following her indictment for felony theft by taking and financial transaction card theft, a jury found Diana Lynn Wnek guilty of transaction card theft. She was given a three-year probated sentence. Before trial, Wnek informed the trial court that she wanted to enter a guilty plea on the transaction card theft charge, but go to trial on the theft by taking charge. The court would not accept a guilty plea on the transaction card theft, and she went to trial on both counts. Wnek did not testify during the trial, and the jury acquitted Wnek of the theft by taking charge, but found her guilty of transaction card theft. During sentencing for that conviction, Wnek requested first offender status and the trial court refused. This appeal followed. For the reasons that follow, we remand this case back to the trial court for consideration of first offender status.

Wnek complains that the trial court erred by refusing to consider granting her first offender status. She argues that because the trial court used an inflexible rule in her sentencing by never granting first offender status to defendants who went to trial, it abused its discretion by failing to consider such a sentence.

The First Offender Act provides that, for a defendant without prior felony convictions, a court may defer entering a judgment of guilt and place the defendant on probation or in confinement. OCGA § 42-8-60 (a). While the decision whether to sentence a defendant as a first offender lies entirely within the trial court's discretion (*Moore v. State,*

236 Ga. App. 889, 890 (514 SE2d 73) (1999)), the trial court is required to exercise that discretion rather than apply an inflexible rule.

*Cook v. State*, 256 Ga. App. 353, 354 (1) (568 SE2d 482) (2002). "[F]irst offender treatment, whether or not ultimately rejected, may not mechanistically be precluded without consideration on the merits as a part of the exercise of the trial court's discretion during sentencing." *Stovall v. State*, 251 Ga. App. 7, 10 (2) (553 SE2d 297) (2001).

Here, during the sentencing hearing and after explaining the terms of Wnek's three-year probated sentence, the trial court in a lengthy colloquy appeared to consider first offender status.

> First Offender. Well, that cuts both ways. [Wnek] did indicate that she was guilty at the beginning of the trial of Count Two. And normally I would give first offender in a case like this. However, I expected her or at least her lawyer — and I'm not blaming you for trial strategy, Mr. McFarland, but I at least — I mean, she's the one that's on trial, not you. I was expecting something to be said that, you know, we admit that we did do count Two. I have a problem in allow[ing] First Offender when you — I mean you can't have your cake and eat it too. You can't roll the dice and say, "Well, they might have — We might have been able to walk here today," you know. And you may — you might have been — she might have been able to walk if the jury had found her not guilty on Count Two. I think to — to nullify what the jury has done — and *I never grant First Offender on a — when somebody's gone to trial and been convicted by a jury. I never grant First Offender.* Now, the only reason I would even consider it in this case is because she indicated that she was — she was culpable of Count Two. But when you roll the dice and you tell the jury, "Find her not guilty of both," and they come back and find her guilty of Count Two, I think it would be a disservice to the jury to nullify their action. And I'm not going to do that.

(Emphasis supplied.) The trial court then denied Wnek's request for first offender status.

While we are aware that "the trial court is not required to render such a first offender status merely because it is requested even where no previous offense is shown, and the trial court may give in its discretion any sentence prescribed by law for the offense, or probation," *Todd v. State*, 172 Ga. App. 231-232 (2) (323 SE2d 6) (1984), a "trial court's refusal to consider first offender status after a verdict is a refusal to exercise discretion." *Jackson v. State*, 244 Ga. App. 477, 479

(3) (535 SE2d 818) (2000). We are not persuaded by the State's argument that the trial court exercised such discretion in this case. Although the record reflects that the trial court stated that "the only reason [it] would even consider [first offender status] in this case" was because Wnek had indicated before trial that she was guilty of transaction card theft, it then, curiously, admonished Wnek for taking her chances at trial on an acquittal, neglecting to note that it created the situation by not accepting her guilty plea. The trial court also criticized Wnek for failing to testify and admit her guilt to that charge during the trial.

Wnek, however, was "not obligated under the law to make any statement in [her] own defense. The law provides that [she] may or may not make any statement in [her] own behalf, as [she] sees fit." *Marlow v. State*, 152 Ga. App. 218, 220 (2) (262 SE2d 460) (1979). Since her failure to testify should not create any presumption against her, we are troubled that the trial court would state that Wnek's not testifying influenced its decision to not grant her first offender status.

Further, while it appears that the trial court undertook some consideration of Wnek's case, it only appeared to consider whether or not it should use its inflexible rule of not granting first offender status to a defendant who went to trial. The trial court's actions do not reflect a consideration of Wnek's request for first offender status on the merits.

Accordingly, "the judgment of sentence is vacated, and the case remanded for resentencing with direction that the new sentence not exceed the sentence previously imposed, and the request for first offender status be heard and considered on its merits." (Citation and punctuation omitted.) *Jackson v. State*, supra, 244 Ga. App. at 479 (3).

*Judgment vacated as to sentence and case remanded for resentencing. Andrews, P. J., and Adams, J., concur.*

DECIDED AUGUST 13, 2003.

*Robert P. McFarland, Jr.*, for appellant.
*Philip C. Smith, District Attorney*, for appellee.