## A04A2327. POWELL v. THE STATE.
(610 SE2d 178)

MIKELL, Judge.

Following a jury trial, Heather Powell was convicted of forgery in the first degree and sentenced to ten years, with one year to be served in confinement and the balance on probation. Powell appeals her sentence, arguing that the trial court erred in failing to consider sentencing her to first offender treatment. We disagree and affirm.

The record reflects that Powell was indicted for forgery in the first degree and cruelty to children. Prior to the trial on the forgery charge, the state advised the trial court that Powell had rejected its offers of a negotiated plea on both charges stating that, "were Miss Powell interested in entering a plea to the cruelty [to children] case and receiving first offender probation in a negotiated plea, the state would be willing to reduce this forgery to a false report of a crime. . . . The bottom line is that she has rejected these offers." The trial court then advised Powell as follows:

> Miss Powell, you have the right to a jury trial. We have jurors that are ready. The situation is that in the exercise of your right to a jury trial, if you are acquitted then the state still has this other case that is pending against you. If you are

convicted by a jury, you need to understand that all of these plea negotiations are out the window, so [to] speak, that they can recommend any sentence allowed by law, which is any sentence between one and ten years. If you go to a jury trial, and if you are convicted, then your chances of getting first offender are also gone as well. So, you need to understand that these are matters that are at risk when you go to a jury trial, your chance to have first offender treatment, which would wipe your record clean. I will tell you that it is my experience that a felony record, if you are convicted, is a very serious detriment once you serve whatever sentence you would be serving and then go out into the job market.

Powell opted for a jury trial and the jury returned a guilty verdict on the charge of forgery in the first degree. When the trial judge asked counsel, prior to sentencing, for "any matters in mitigation or aggravation," Powell's counsel responded, "I would mention that this is [Powell's] first offense, Judge. It was nonviolent. And I would ask the court to take that into consideration in sentencing." In response to the state's recommendation, Powell's counsel stated, "[a]gain, this is the first offense. It was nonviolent. I would ask the court to take that into account. . . . And I would respectfully ask that the court issue a sentence of no more than three years on probation, seeing as this is a first offense and was nonviolent." The trial court responded,

Well, I'm not going to follow either recommendation. I'm going to sentence Miss Powell, based on the jury having found the defendant guilty, to confinement for a period of ten years. Upon service of one year of that sentence, . . . the remainder of nine years may be served on probation, provided [Powell] comply with the following general and other conditions herein imposed by the court.

Relying on *Cook v. State*[1] Powell claims that her case should be remanded for resentencing because the trial court twice indicated its refusal to consider first offender treatment.

Refusal to consider first offender treatment as part of a sentencing formula or policy by automatic denial constitutes an abuse of discretion and constitutes reversible error. However, there must be a clear statement in the record that

---

[1] 256 Ga. App. 353 (1) (568 SE2d 482) (2002) (reversed and remanded for resentencing where trial court, in response to counsel's request that defendant be sentenced as first offender, stated, "Mr. Cook, you have lost your chance for first offender").

constitutes either a general refusal to consider such treatment or an erroneous expression of belief that the law does not permit the exercise of such discretion.[2]

The trial court has no obligation to consider first offender treatment absent a request from the defendant.[3] Powell's counsel did not sufficiently raise the issue of her eligibility for first offender treatment in his statements to the trial court prior to sentencing. Merely reminding the sentencing judge that the conviction is the defendant's first offense is not equivalent to a request for sentencing under the First Offender Act.

Moreover, we disagree with Powell that the trial court's statements prior to trial clearly indicated a general refusal to consider first offender treatment or an erroneous expression of belief that the law does not permit the exercise of such discretion in Powell's case.[4] The trial court's statement prior to trial was ambiguous and perhaps could be interpreted as indicating a policy of not allowing First Offender status after a jury trial. But the test here is not what might be inferred from an ambiguous statement, but whether the statement by the court *clearly*, i.e., unambiguously, shows a misunderstanding of the law or a general policy of not exercising discretion.

There is a presumption that a trial court has regularly and correctly conducted the proceedings. Absent *clear*, i.e., unambiguous, statements in the record showing (1) an explicit request for First

---

[2] (Citation omitted.) *Green v. State*, 265 Ga. App. 126, 127 (1) (592 SE2d 901) (2004), citing *Camaron v. State*, 246 Ga. App. 80, 82 (2) (539 SE2d 577) (2000). See also *Shell v. State*, 264 Ga. App. 547, 550 (2) (591 SE2d 450) (2003) ("[t]o require remand, 'there must be a clear statement in the record that constitutes either a general refusal to consider such treatment or an erroneous expression of belief that the law does not permit the exercise of such discretion' ") (citation and footnote omitted).

[3] *Green*, supra.

[4] See, e.g., id. (rejecting defendant's claim that trial court's statement, " '[i]t would probably normally be my inclination to let you hold two life sentences,' " indicated that the trial court had adopted an inflexible and impermissible sentencing formula or that it had a policy of refusing to consider first offender treatment for certain crimes). But see *Wnek v. State*, 262 Ga. App. 733, 734-735 (586 SE2d 428) (2003) (remanded case for resentencing where trial court told defendant, "*I never grant First Offender on a – when somebody's gone to trial and been convicted by a jury. I never grant First Offender.*") (emphasis in original); *Ramage v. State*, 259 Ga. App. 616, 617 (578 SE2d 245) (2003) (trial court adopted inflexible rule when, after sentencing, defense counsel asked about first offender treatment and trial court responded, " '[defendant] should have done that through a motion. He had the opportunity to do that earlier. After he serves his time, he can get his civil rights back.' "); *Wilcox v. State*, 257 Ga. App. 519, 520 (571 SE2d 512) (2002) (remanded for resentencing where trial court advised defendant multiple times during a hearing on defendant's motion to withdraw his guilty plea that it would not give first offender treatment to defendants in armed robbery cases); *Cook*, supra; *Jackson v. State*, 244 Ga. App. 477, 478-479 (3) (535 SE2d 818) (2000) (remanded case for resentencing where trial court, in response to defendant's request for first offender treatment, stated that, " '[s]he already lost first offender, she went to trial. If she wants first offender, she enters a plea. I won't consider that.' ").

Offender Act treatment at the time of sentencing and (2) a failure to exercise discretion as evidenced by a misunderstanding of the law or a general policy against First Offender Act treatment, we will affirm the sentence as pronounced by the trial court. There is no evidence that the trial court improperly failed to exercise its discretion with regard to sentencing Powell.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 9, 2005.

*Derek H. Jones*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Jesse D. Evans, Assistant District Attorneys*, for appellee.