A12A0061. GRAYDON v. THE STATE.
(722 SE2d 173)

ELLINGTON, Judge.

Bradley Graydon entered a guilty plea in the Superior Court of Whitfield County to felony theft by shoplifting, OCGA § 16-8-14 (a). See also OCGA § 16-8-14 (b) (2) (felony punishment when the stolen property exceeds $300 in value). The trial court denied Graydon's request for first offender treatment. Graydon filed a motion to vacate his judgment of guilt and sentence on the basis that the trial court applied a mechanical sentencing formula and, thus, failed to exercise its discretion as required under the First Offender Act, OCGA § 42-8-60 et seq. The trial court denied Graydon's motion, and he appeals. Finding no error, we affirm.

The First Offender Act

provides that, for a defendant without prior felony convictions, a court may defer entering a judgment of guilt and

place the defendant on probation or in confinement. While the decision whether to sentence a defendant as a first offender lies entirely within the trial court's discretion, the trial court is required to exercise that discretion rather than apply an inflexible rule.

(Citations and punctuation omitted.) *Wnek v. State*, 262 Ga. App. 733, 733-734 (586 SE2d 428) (2003). "[A] trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore is an abdication of judicial responsibility." (Citation and punctuation omitted.) *Shell v. State*, 264 Ga. App. 547, 550 (2) (591 SE2d 450) (2003). There is a presumption, however, that a trial court regularly and correctly conducted the proceedings. *Powell v. State*, 271 Ga. App. 550, 552 (610 SE2d 178) (2005); *Camaron v. State*, 246 Ga. App. 80, 83 (2) (539 SE2d 577) (2000). We will remand only when the record clearly establishes either that the trial court refused to consider first offender treatment on the merits or erroneously believed that the law did not permit such an exercise of discretion. *Steele v. State*, 270 Ga. App. 488, 491 (606 SE2d 664) (2004); *Shell v. State*, 264 Ga. App. at 550 (2).[1]

In rejecting Graydon's request for first offender treatment, the trial court explained that, "under most circumstances," it did not grant requests for first offender treatment in cases involving theft but "[t]ypically" granted it in cases such as those involving "simple possession of a drug without any other aggravating circumstances." At the hearing on Graydon's motion to vacate his sentence, the trial court further explained:

> I have no absolute rule in regard to first offender [treatment]. As a practical matter, however, I'm inclined to give it to people who [have a] first drug offense. Those [cases] involving serious dishonesty, like theft, I'm not inclined to give [it]. That doesn't mean I wouldn't in a very unusual case. But[,] the felony theft by shoplifting, the nature of the offense was the primary requisite that went into [denying Graydon's request].

---

[1] See, e.g., *Wnek v. State*, 262 Ga. App. at 735 (Trial court failed to exercise its discretion where it had a policy of not granting a request for first offender treatment to a defendant who goes to trial and is found guilty by a jury.); *Wilcox v. State*, 257 Ga. App. 519, 520-521 (571 SE2d 512) (2002) (Trial court failed to exercise its discretion where it had a per se rule of refusing to permit first offender treatment in armed robbery cases.); *Jones v. State*, 208 Ga. App. 472, 473 (431 SE2d 136) (1993) (Trial court failed to exercise its discretion where it had a policy of never granting a request for first offender treatment in a case in the superior court.).

The trial court's statements show neither an outright refusal to consider first offender treatment nor an erroneous belief that the law does not permit first offender treatment in such a case. The record shows, rather, that the trial court was aware that it could treat Graydon as a first offender but, after considering the conduct Graydon admitted, exercised its discretion not to do so. Thus, the judgment must be affirmed. *Steele v. State*, 270 Ga. App. at 491-492.

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*

DECIDED JANUARY 13, 2012.

*Lee A. Feeley*, for appellant.

*Kermit N. McManus, District Attorney, Susan Franklin, Assistant District Attorney*, for appellee.