**FIFTH DIVISION
MCFADDEN, P. J.,
RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 5, 2018**

# In the Court of Appeals of Georgia

A18A1106. GARR v. THE STATE.

McFADDEN, Presiding Judge.

Craig Garr appeals from his convictions for robbery and simple assault. Garr challenges the trial court's rulings concerning a jury charge on simple robbery as a lesser included offense of armed robbery; but he has failed to show reversible error. Garr also claims that his trial counsel was ineffective; however, he has failed to show that counsel's performance was both deficient and prejudicial. Finally, he contends that the trial court improperly failed to consider his request for first offender status; however, the transcript shows that the court did in fact consider, and exercise its discretion in rejecting, the request. Accordingly, we affirm.

1. *Facts and procedural posture.*

Viewed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that Garr arranged to buy a pair of basketball shoes from the victim. But according to the victim's testimony, when Garr arrived at the victim's apartment, Garr had a gun and, with an accomplice, stole the shoes and money from the victim. After Garr and his accomplice left the apartment, the victim followed them to the parking lot with a gun. The victim testified that as Garr and his accomplice were driving away from the scene, they fired gunshots at him and he returned fire. The victim reported the incident to the police, and Garr was eventually apprehended in Florida.

Garr was indicted for armed robbery, aggravated assault, and possession of a firearm during the commission of a felony. He was tried before a jury, which found him guilty of the lesser included offenses of robbery and simple assault, and not guilty of the firearm offense. The trial court imposed a 20-year sentence for the robbery and a concurrent 12-month sentence for the simple assault. Garr's motion for a new trial was denied, and this appeal followed.

2. *Request to instruct jury on robbery as a lesser included offense.*

Garr contends that the trial court erred in refusing to give his requested jury instruction on robbery as a lesser included offense of armed robbery. Garr failed to

2

object to the trial court's decision during the charge conference and also failed to object after the court charged the jury.

> Accordingly, we may only review the matter for plain error. In determining whether plain error exists, [our Supreme] Court has set forth the following test: First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Russell v. State*, 303 Ga. 478, 480-481 (2) (813 SE2d 380) (2018) (citations and punctuation omitted).

In the instant case, Garr has not demonstrated that the alleged error affected the outcome of the trial. As Garr has acknowledged in his appellate brief, the trial court actually gave Garr's requested instruction as part of a recharge to the jury. During deliberations, the jury sent a note to the judge asking if armed robbery could be changed to robbery. In response, the trial court recharged the jury on the offense of armed robbery and included the requested jury instruction on robbery as a lesser included offense.

3

Garr argues that the court's initial refusal to charge on the lesser included offense constrained his defense because his counsel would have had the opportunity to explain to the jury the difference between armed robbery and simple robbery. However, the trial court's recharge adequately explained that difference. Moreover, as recounted above, the jury returned a verdict finding guilt as to that lesser included offense, not the greater offense of armed robbery. So even if the trial court erred in initially omitting the requested jury charge on robbery as a lesser included offense, any error was cured when "the judge corrected the omission [during the recharge.]" *Shepherd v. State*, 236 Ga. 787, 789 (2) (225 SE2d 312) (1976). Accord *Robertson v. State*, 225 Ga. App. 389, 390 (2) (484 SE2d 18) (1997) (recharge cured any error in the original charge). Because the trial court corrected any error in initially refusing to give the requested charge and the jury found guilt only as to the lesser included offense, the purported error did not affect Garr's substantial rights.

3. *Recharge on robbery as a lesser included offense.*

Garr argues that since the trial court did not give the requested charge on robbery as a lesser included offense during the original jury charge, the court erred in subsequently giving it as part of the additional instructions to the jury. The argument is without merit.

4

The only evidence that Garr used a gun during the incident was the testimony of the victim. The police never found the alleged gun and, although the victim claimed that he had engaged in a shootout with Garr and his accomplice in the parking lot, the police found only shell casings from the victim's gun at the scene and did not find any physical evidence of Garr's alleged weapon. The jury, as the finder of fact and judge of witness credibility, was thus authorized to reject the victim's testimony and find from the evidence that Garr did not use a gun during the incident. See *Pittman v. State*, 300 Ga. 894, 897 (1) (799 SE2d 215) (2017) (jury allowed to disbelieve testimony because resolving evidentiary conflicts and assessing witness credibility are matters within the province of the fact finder).

"Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense." *Turner v. State*, 342 Ga. App. 882, 885 (2) (805 SE2d 624) (2017) (citation omitted). Because "[t]his case contained some evidence [from which the jury could find that Garr] did not use a weapon to take property from the victim[, the court] was therefore [authorized] to [give] a charge on the lesser included offense." *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). And it was well within the trial

court's discretion to give such a charge during its additional instructions responding to a question from the jury.

> [T]he need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court. Indeed, where the jury requests further instructions upon a particular phase of the case, the court in its discretion may recharge them in full, or only upon the point or points requested. Here, because the trial court gave additional instructions to the jury which addressed only the jury's specific question[ about whether the armed robbery could be changed to robbery], we find no abuse of discretion.

*Davis v. State*, 287 Ga. 173, 175 (3) (695 SE2d 251) (2010) (citations and punctuation omitted). Accord *Peebles v. State*, 260 Ga. 165, 167 (5) (a) (391 SE2d 639) (1990).

4. *Ineffective assistance of counsel.*

Garr claims that his trial counsel was ineffective in failing to object to the trial court's refusal to give the requested jury charge on robbery as a lesser included offense. To prevail on this claim, Garr "must show both that [his] counsel's performance was deficient and that the deficient performance so prejudiced [him] that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different." *Reeves v. State*, ___ Ga. App. ___ (3) (816 SE2d 401) (2018) (citation omitted). "Failure to make the required showing of either

6

deficient performance or sufficient prejudice defeats the ineffectiveness claim"

*McAllister v. State*, 343 Ga. App. 213m 217 (3) (807 SE2d 14) (2017) (citation and punctuation omitted).

Here, Garr has failed to make the required showing of prejudice. As discussed above, the trial court actually gave Garr's requested instruction on robbery as a lesser included offense during its recharge and the jury found guilt only as to that lesser offense, not the greater armed robbery offense. Accordingly, there is no reasonable probability that the outcome of the trial would have been different if Garr's counsel had objected to the trial court's initial failure to give the requested jury charge.

5. *First offender.*

Garr contends that the trial court failed to exercise its discretion and consider his request to be sentenced as a first offender. We disagree.

> Refusal to consider first offender treatment as part of a sentencing formula or policy of automatic denial constitutes an abuse of discretion and constitutes reversible error. However, there must be a clear statement in the record that constitutes either a general refusal to consider such treatment or an erroneous expression of belief that the law does not permit the exercise of such discretion.

*Powell v. State*, 271 Ga. App. 550, 551-552 (610 SE2d 178) (2005) (citations omitted).

7

At the sentencing hearing in this case, after Garr's counsel had asked for first offender treatment, the trial judge stated:

> I will not consider first offender treatment in the case. For two reasons: one, again, no acceptance of responsibility; but, two, because it is a sentence on confinement — you know, the benefit of first offender generally is that there is usually a split sentence, and you can come back and resentence. But because I am imposing the maximum sentence in the case there is no direct benefit.

Contrary to Garr's contentions, the judge's statements did not indicate a general refusal to consider first offender treatment or an erroneous expression of belief that the law did not permit the exercise of such discretion in Garr's case. Rather, the judge clearly considered Garr's request and exercised her discretion to deny the request for the stated reasons. See *Threlkeld v. State*, 250 Ga. App. 44, 46 (2) (550 SE2d 454) (2001) (no error where court articulated reasons for denying first offender treatment).

We do not find, as Garr suggests, that the judge's statements about the maximum sentence of confinement showed a misunderstanding about the law allowing first offender treatment in cases involving confinement. See OCGA § 42-8-60 (a) (The court may, "without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and: (1) Place the defendant on probation; or (2) Sentence the defendant to a term of confinement."). Instead, the judge's

8

statements merely showed that she did not believe first offender treatment was appropriate in this case since she was imposing the maximum sentence of 20 years in confinement.

> There is a presumption that a trial court has regularly and correctly conducted the proceedings. Absent clear, i.e., unambiguous, statements in the record showing . . . a failure to exercise discretion as evidenced by a misunderstanding of the law or a general policy against First Offender Act treatment, we will affirm the sentence as pronounced by the trial court.

*Powell*, supra at 552-553 (punctuation omitted). In this case, because there is no clear and unambiguous statement showing that the trial court failed to exercise its discretion in denying the request for first offender status, "we discern no basis for reconsideration of [the] sentence." *McCullough v. State*, 317 Ga. App. 853, 856 (733 SE2d 36) (2012). See also *Graydon v. State*, 313 Ga. App. 580, 581-582 (722 SE2d 173) (2012); *Steele v. State*, 270 Ga. App. 488, 492 (606 SE2d 664) (2004).

*Judgment affirmed. Ray and Rickman, JJ., concur.*