**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 27, 2022**

# In the Court of Appeals of Georgia

A22A0897. WILKIN v. THE STATE.

PHIPPS, Senior Appellate Judge.

In March 2017, pursuant to a negotiated plea agreement that resolved three separate criminal cases, Michael Christopher Wilkin pled guilty to several misdemeanors and felonies, including, as relevant to this appeal, four counts of aggravated assault and one count of possession of marijuana with intent to distribute. Roughly four years later, Wilkin petitioned for retroactive first offender treatment on the aggravated assault charges pursuant to OCGA § 42-8-66[1] and conditional

---

[1] OCGA § 42-8-66 allows an individual who qualified for sentencing under the First Offender Act, OCGA § 42-8-60 et seq., but who was not informed of his or her eligibility for first offender treatment, to petition for retroactive exoneration of guilt and discharge. OCGA § 42-8-60 provides that when an individual who has not been previously convicted of a felony enters a guilty plea, "before an adjudication of guilt" and "without entering a judgment of guilt," a court may defer proceedings and place the individual on probation or sentence the individual to confinement. OCGA §

discharge of the drug possession charge pursuant to OCGA § 16-13-2.[2] Following a hearing, the trial court determined that the prosecutor assigned to the case at the time of sentencing incorrectly concluded that Wilkin was not eligible for conditional discharge pursuant to OCGA § 16-13-2 and that this "erroneous" statement of the law "probably colored" the plea negotiations. Based on this finding, the court granted Wilkin's request to conditionally discharge the possession of marijuana conviction. However, the court denied Wilkin's request for retroactive first offender treatment on the aggravated assault charges, concluding that it was the State's intent for Wilkin "to be convicted of at least one felony case."

Wilkin appeals from the denial of his request for retroactive first offender treatment on the aggravated assault charges. He contends that, in denying his request, the trial court abused its discretion by abdicating its authority to the State, applying an incorrect legal standard, and making an erroneous finding of fact. Given the current state of the record, we cannot conduct meaningful appellate review of these

42-8-60 (a). Upon satisfactory completion of the sentence, the defendant is discharged and exonerated of guilt. OCGA § 42-8-60 (e).

[2] According to OCGA § 16-13-2 (a), a trial court has the discretion to withhold an adjudication of guilt and defer sentencing for certain drug-related crimes, with the possibility of a complete discharge and dismissal if the defendant successfully completes a probationary period.

2

claims, and we must vacate the order on appeal and remand the case to the trial court to make findings consistent with this opinion.

The record shows that Wilkin was charged in three separate cases with four counts of aggravated assault and one count each of making a false statement, underage possession of alcohol, disorderly conduct, possession of a Schedule I drug with intent to distribute, and DUI less safe. As relevant on appeal, the aggravated assault charges are premised on allegations that Wilkin "fired a shot gun at the bumper of the car behind him" during a dispute over an Xbox. The drug possession charge is premised on allegations that Wilkin was found with several cartons of THC oil and cash in his car. Wilkin and the State engaged in pretrial negotiations, following which the State agreed to reduce two of the pending charges. Specifically, the State agreed to reduce the charge of possession of a Schedule I drug with intent to distribute to possession of marijuana with intent to distribute, and the felony charge for making a false statement was reduced to a misdemeanor charge of giving a false name.

In March 2017, Wilkin appeared before the trial court with counsel to enter pleas in all three cases. During the proceeding, before any adjudication of guilt, the court inquired about Wilkin's first offender eligibility as follows:

THE COURT: Okay. First Offender not applicable or —

[PLEA COUNSEL]: Your Honor, it was discussed. It would have taken an incredible stretch of the law to allow for it with three separate felonies encompassing different issues. It could have been a First Offender 16-13-2.[3] But at the end of the day, the State was conscientious enough to give us misdemeanor on the false statements. We're accepting the guilty plea as to the felonies in the other two cases.

THE COURT: Okay. But at least it was addressed; correct?

[PLEA COUNSEL]: Certainly.

[PROSECUTOR]: And Judge, just to clarify, with the possession with intent, he would not [have] been eligible for 16-13-2. So he would have ended up with a felony regardless.

During the plea colloquy, the court confirmed that Wilkin understood the charges and consequences of pleading guilty, had reviewed the charges with his

---

[3] OCGA § 16-13-2 has been compared to the First Offender Act, OCGA § 42-8-60 et seq. While "OCGA § 42-8-60[ ] gives the trial court the discretion to withhold an adjudication of guilt, defer further proceedings, and place the defendant on probation[,]" "OCGA § 16-13-2 (a) gives the defendant who pleads guilty to or is found guilty of a drug violation the option, with the trial court's assent, of undergoing a comprehensive rehabilitation program" in lieu of an adjudication of guilt. *State v. Stinson*, 278 Ga. 377, 380 (602 SE2d 654) (2004).

4

attorney, and affirmatively waived his right to a trial by jury, and then Wilkin entered a plea of guilty to all of the charges. The court accepted the plea "under the terms and conditions negotiated," and Wilkin was sentenced in the current case to a total of ten years, to serve one year in confinement — to be served concurrently with sentences imposed in the other two cases — and then released on time served.

In April 2021, Wilkin filed a petition in two of the underlying cases for retroactive exoneration and discharge of the aggravated assault and drug possession charges. He argued that, at the time of sentencing, (1) the prosecutor erroneously concluded that he was not eligible for conditional discharge of the possession of marijuana charge pursuant to OCGA § 16-13-2 (a), and (2) his counsel "simply acquiesced to the position" of the State and did not request first offender treatment in the aggravated assault case. But for the prosecutor's "erroneous statement" and the deficient advice of counsel, Wilkin claimed, he could have tendered a first offender plea in the aggravated assault case and a conditional discharge plea in the possession of marijuana case. Thus, Wilkin asked the court, in its discretion, to retroactively allow his pleas to be modified to reflect first offender and conditional discharge treatment.

In August 2021, the court held a hearing on the matter at which Wilkin's motion counsel and a prosecutor appeared. At the hearing, Wilkin's motion counsel asserted that Wilkin was eligible for first offender and conditional discharge treatment at the time of sentencing; however, because of the plea prosecutor's misstatement of law as to his ineligibility for conditional discharge, Wilkin and his counsel were misinformed about his eligibility and did not seek either type of treatment. The State agreed that the prior conclusion regarding Wilkin's ineligibility for conditional discharge "sound[ed] like an incorrect pronunciation of the law at that time," and thus it did not oppose his request for conditional discharge of the possession of marijuana conviction. However, as to Wilkin's request for retroactive first offender treatment of the aggravated assault charges, the State argued that because Wilkin's guilty pleas resolved three felony cases and "First Offender was discussed," first offender treatment was thereby "considered and then rejected by all parties" and should not be applied retroactively. In reply, Wilkin's motion counsel reiterated his argument that the plea negotiations were based upon an incorrect statement of the law which, he asserted, "took the discussion of First Offender and Conditional Discharge basically off the table."

Following argument, the trial court reviewed the plea transcript. The court agreed with the parties that the plea prosecutor's assessment of Wilkin's ineligibility for conditional discharge of the drug possession charge pursuant to OCGA § 16-13-2 was "erroneous." The court further determined that this erroneous statement "probably colored some of the negotiations," and, consequently, the parties were left with the impression that Wilkin "was going to end up as a felon" as a result of the drug possession charge, regardless of whether he was granted first offender treatment on the aggravated assault charges. Finding that Wilkin was eligible for conditional discharge at the time of sentencing, the court indicated that it would exercise its discretion to conditionally discharge the possession of marijuana conviction. However, as for Wilkin's request for first offender treatment of the aggravated assault charges, the court found that first offender treatment was discussed, and in order for Wilkin to be eligible, the State would have had to "allow" it as part of the plea agreement that resolved three cases at once. The court focused on the State's intent during plea negotiations and articulated its analysis as follows:

> I believe that this was a negotiation where First Offender was taken off the table in the sense that the State's position . . . and their impression was that he was going to end up a felon [and that] was what the State wanted out of this negotiation, and I don't think it would be appropriate

7

for me to retroactively undo those negotiations and give him First Offender on everything.

Ultimately, the court declined Wilkin's request for retroactive first offender treatment. Wilkin appeals this ruling. For the reasons that follow, given the state of the record, we currently lack the ability to review the trial court's denial of Wilkin's request for retroactive first offender treatment.

We begin by recognizing that a petition requesting retroactive first offender treatment is similar to an initial request for first offender treatment pursuant to Georgia's First Offender Act, OCGA § 42-8-60 et seq., except that it is available to an individual who did not request first offender treatment at the time of sentencing. See *Garland v. State*, 361 Ga. App. 724, 736 (5) (865 SE2d 533) (2021). OCGA § 42-8-66, like OCGA § 42-8-60, provides for the exoneration of guilt and discharge under certain circumstances. Pursuant to OCGA § 42-8-66 (a) (1), "[a]n individual who qualified for sentencing pursuant to [the First Offender Act] but who was not informed of his or her eligibility for first offender treatment may, with the consent of the prosecuting attorney, petition the court in which he or she was convicted for exoneration of guilt and discharge[.]" If requested, the court must hold a hearing on the petition and may consider any relevant evidence, including evidence introduced

8

by either party. OCGA § 42-8-66 (b)-(c). And, "if the court finds by a preponderance of the evidence that the defendant was eligible for sentencing under the terms of [the First Offender Act] at the time he or she was originally sentenced . . . and the ends of justice and the welfare of society are served," the court may retroactively grant exoneration of guilt and discharge the conviction. OCGA § 42-8-66 (d).

We review a trial court's denial of a petition for retroactive first offender treatment for abuse of discretion, in the same way we review initial requests for first offender treatment. See *Garland*, 361 Ga. App. at 736 (5) (finding no abuse of discretion where a trial court denied retroactive first offender treatment to a defendant who did not seek first offender treatment at the time of sentencing, but later petitioned for it).

> The determination of whether to offer a criminal defendant first offender treatment rests solely with the trial court. This Court will reverse that decision only when the record clearly establishes either that the trial court refused to consider first offender treatment on the merits or erroneously believed that the law did not permit such an exercise of discretion.

Id. (citations and punctuation omitted).

At the outset, we note that neither Wilkin nor the State have appealed the trial court's ruling as it relates to retroactive conditional discharge of the possession of marijuana with intent conviction.[4] . Thus, while we express no opinion as to the propriety of that ruling, we accept, for the limited purpose of this appeal, the court's conclusions that (1) Wilkin was eligible for conditional discharge of the drug possession charge at the time of sentencing, and (2) the prosecutor's purported misstatement about Wilkin's ineligibility "colored" plea negotiations and left the parties with the impression that Wilkin "was going to end up as a felon."

Once the court reached its conclusions regarding the impact of the prosecutor's purported misstatement about conditional discharge on plea negotiations, it necessarily follows that, in considering Wilkin's petition for retroactive first offender treatment, the court was required to consider how the prosecutor's purported misstatement of the law influenced both the State's and Wilkin's understanding of, and positions regarding, first offender treatment, given that Wilkin may not have ended up with a felony conviction on his record. Specifically, because the false

---

[4] The State argues on appeal that the court's ruling regarding Wilkin's eligibility for retroactive conditional discharge of the possession of marijuana conviction was incorrect, but acknowledges that Wilkin's request for conditional discharge of that conviction is not before this Court given its failure to file an appeal in that case.

statement charge was reduced to a misdemeanor, pursuant to the plea agreement, and the possession of marijuana with intent conviction was conditionally discharged, requesting first offender status on the aggravated assault charges would not have been futile (as the parties appeared to assume during Wilkin's plea and sentencing hearing), insofar as no other felony charges remained. However, in its ruling, the court simply deferred to what it believed to have been the State's (subjective and unilateral) "intent" during plea negotiations and denied Wilkin's petition for retroactive first offender treatment solely on that basis. Therefore, it is unclear from the record whether, by deferring to the State's purported intent, the trial court (1) considered Wilkin's request for retroactive first offender treatment on the merits, see OCGA § 42-8-66, or (2) understood that it could exercise its discretion to grant Wilkin's request for retroactive first offender treatment, despite the State's alleged intent that Wilkin be convicted of at least one felony. Because the record is insufficient in this regard, it is impossible for us to review whether the court exercised and/or abused its discretion by denying Wilkin's petition for retroactive first offender treatment and discharge. Compare *Wilcox v. State*, 257 Ga. App. 519, 520-521 (571 SE2d 512) (2002) (rejecting trial court's "inflexible rule" regarding the refusal to consider sentencing a defendant as a first offender in armed robbery cases as an abuse

11

of discretion), with *Garland*, 361 Ga. App. at 736 (5) (finding no basis for reversal where the trial court considered a defendant's motion for retroactive first offender treatment on the merits and exercised its discretion to deny it).

We therefore vacate the trial court's order and remand this case for the court to make additional findings of fact, as necessary, to support its decision with respect to Wilkin's request for first offender treatment, including holding an evidentiary hearing to consider the above and determine (1) whether Wilkin was informed of his eligibility for first offender status before he was sentenced, see OCGA § 42-8-66 (a),[5] and (2) if he was not, whether "the ends of justice and the welfare of society are served by granting" Wilkin's request under all of the circumstances, see OCGA § 42-8-66 (d).

*Judgment vacated and case remanded with direction. Doyle, P. J., and Reese, J., concur.*

---

[5] The State argues that Wilkin is not eligible for first offender treatment under OCGA § 42-8-66 (a) (1) because he was informed about his eligibility for first offender treatment when he entered his pleas. Based upon our review, the trial court made no finding one way or the other in that regard, and we therefore leave that determination for the trial court to make in the first instance.