63882. AUSTIN v. THE STATE.

CARLEY, Judge.

On March 19, 1981, appellant entered a plea of guilty to a charge of theft by taking personal property with a value exceeding $700.00. Pursuant to the First Offender Act, Code Ann. § 27-2727 et seq., there was no adjudication of guilt, but appellant was placed on probation for a period of two years. In June of 1981, appellant was arrested and charged with the offense of entering an automobile in violation of Code Ann. § 26-1813.1. Thereafter, the state instituted proceedings seeking an adjudication of guilt and revocation of probation. After a hearing, the probation was revoked, guilt was adjudicated and a sentence of three years imprisonment was imposed. On appeal, appellant contends that the trial court erred in increasing his

"sentence" from two to three years.

When a person on probation as a first offender violates the terms of his probation and an adjudication of guilt is entered pursuant to Code Ann. § 27-2727, "the defendant is subject to receive any sentence permitted by law" including a sentence greater than the period to be served on probation which was originally imposed under the first offender law. *State v. Wiley,* 233 Ga. 316, 318 (210 SE2d 790) (1974). The "First Offender Order" entered in the instant case expressly stated that "upon violation of the terms of probation, the court may enter an adjudication of guilt and proceed to sentence [appellant] as provided by law." The order did not limit the sentence in the event of adjudication of guilt to the term originally imposed on probation. Compare *Stephens v. State,* 245 Ga. 835, 837-838 (268 SE2d 330) (1980); *Lillard .v. State,* 156 Ga. App. 54 (2) (274 SE2d 96) (1980); *Johnson v. State,* 161 Ga. App. 506 (3) (288 SE2d 366) (1982).

For the foregoing reasons, the trial court did not err in sentencing appellant to imprisonment for three years. However, the sentencing order does not reveal that appellant was credited with time served on probation. "[W]hen a probationer is sentenced to serve time in a penal institution for the offense for which he has spent time on probation, that probation time must be credited to any sentence received, *including cases involving first offender probation.*" (Emphasis supplied.) *Stephens v. State,* 245 Ga. 835, 837, supra. Accord, *Hogan v. State,* 158 Ga. App. 495 (3) (280 SE2d 891) (1981). "Accordingly, the case is remanded with direction that appellant be credited with the time served on probation." *Howell v. State,* 159 Ga. App. 577, 578 (284 SE2d 82) (1981).

*Judgment affirmed with direction. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JUNE 24, 1982.

*Donald B. Hanna,* for appellant.
*Robert E. Wilson, District Attorney, Michael M. Sheffield, Assistant District Attorney,* for appellee.