## A96A0316. WILLIAMS v. THE STATE.
### (470 SE2d 489)

BIRDSONG, Presiding Judge.

Richard Williams appeals the 20-year sentence imposed upon him after he was convicted of sale of cocaine. He contends the trial court erred by imposing the sentence under a mechanical sentencing formula.

The transcript shows that after the jury found Williams guilty, a sentencing hearing was conducted and no evidence either in aggravation or mitigation was introduced. The prosecution waived its argument on sentencing and Williams' trial defense counsel argued that as this was Williams' first conviction, the trial court should be as lenient as possible in passing sentence.

Apparently in response to this argument, the trial court advised Williams that a first conviction of sale of cocaine was a serious matter and that a second conviction was even more serious because the legislature made imposition of a life sentence mandatory upon a second conviction of sale of cocaine. The trial court stated that in the past the trial court had been lenient in sentencing those convicted for a first time sale of cocaine. Because so many first offenders were being again convicted of sale of cocaine and were receiving the mandatory life sentence, however, the trial court decided that a more severe sentence for the first offense was warranted. The trial court's hope was that persons convicted and sentenced for their first offense of sale of cocaine would then realize the seriousness of their offense and the very serious consequences facing them upon their second conviction and would conform their conduct to the law and avoid the second offense. The trial court then imposed a 20-year sentence.

Williams contends on appeal that these comments show that he was sentenced pursuant to a mechanical sentencing policy. *Held*:

In *Cottingham v. State*, 206 Ga. App. 197, 199 (424 SE2d 794), this Court held "a trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore is an abdication of judicial responsibility." In this case, however, we do not find that the trial court employed a mechanical sentencing formula or policy. Here, the trial court's comments do not show an inflexible policy or formula that

would require imposition of a particular kind of punishment for a particular offense (see *Walton v. State*, 217 Ga. App. 11, 13 (456 SE2d 289)) or the rejection of an available sentencing option. See *Jones v. State*, 208 Ga. App. 472, 473 (431 SE2d 136). In effect, the trial court said that it would not be as lenient in this case as it had been in the past because the trial court had attempted that and it had failed. Nothing in the trial court's comments, however, can be interpreted as saying that it would invariably impose a 20-year sentence for all first convictions of sale of cocaine regardless of the evidence presented in mitigation.

Accordingly, we do not find that the trial court employed a fixed policy or sentence in imposing the sentence in this case. See *Stinnett v. State*, 214 Ga. App. 224 (447 SE2d 165).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED APRIL 2, 1996.

*Hal T. Peel*, for appellant.

*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.

