## A97A0047. MOHAMMED v. THE STATE.

(486 SE2d 652)

McMURRAY, Presiding Judge.

Defendant Rashad Mohammed, also known as Darius Rhodes, was charged in Indictment Z-68513 with a single count of burglary. He entered a guilty plea on February 9, 1995, but "no adjudication of guilt . . ." was made thereon. Rather, defendant was treated as a first offender on March 9, 1995, and sentenced to three years, to "be served on probation," plus 40 hours of community service and a $10 probation fee.

On May 2, 1995, defendant's probation officer submitted her "AFFIDAVIT AND WARRANT FOR ARREST OF PROBATIONER," alleging that defendant failed to report; failed to complete community service hours; and failed to respond to letters and messages to report. The arrest order entered by the trial court on May 8, 1996, expressly provided that defendant's sentence was tolled under the provisions of OCGA § 42-8-36 (a). On October 5, 1995, after a hearing, it was determined that defendant had failed to report as directed. But neither defendant's probation nor his status as a nonadjudicated first offender was revoked for this technical violation. Rather, defendant was continued on probation, "with the added conditions: enter and complete the diversion center program and must remain in jail pending bedspace. One missed report, payment or one positive substance abuse urine specimen will be cause for a warrant to be issued." Defendant spent from September 9, 1995 through November 5, 1995, in the custody of the Fulton County Sheriff.

On January 12, 1996, defendant was again arrested. In a "stipulated case," he was found to have "failed the diversion center program. . . ." The trial court concluded that it no longer had the authority to "simply continue [first offenders] on probation and modify [with additional conditions of probation]; that [it had] to resentence in order to modify." Defendant was accordingly resentenced under Indictment Z-68513 to three years, provided that "upon service of one (1) year . . ., the remainder of two (2) years may be served on probation. . . ." Defendant's application for discretionary appeal was granted and a timely notice of appeal was filed. *Held*:

In three related enumerations of error, defendant contends the trial court misinterpreted OCGA § 42-8-60 (b) to mandate resentencing for his failure to complete the diversion center program and erroneously concluded that conditions to a first offender's probation cannot be changed or added to without first revoking that first offender status and resentencing for probation violations. We hold that OCGA § 42-8-60 (b), in conjunction with OCGA § 42-8-38 (c), authorizes the trial court to add to or modify conditions of first offender probation. The trial court further has a discretion to continue a first offender on

probation despite technical violations of the conditions of probation (short of conviction for another crime or a determination of initial ineligibility), without first revoking first offender status, entering an adjudication of guilt, and resentencing for the underlying offense. Accordingly, we vacate the judgment (resentencing order) and remand the case sub judice for reconsideration of the revocation petition in light of this opinion.

"Upon a verdict or plea of guilty or a plea of nolo contendere, but before any adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court *may*, without entering a judgment of guilt . . . [d]efer further proceeding and *place the defendant on probation* as provided by law; or . . . [s]entence the defendant to a term of confinement as provided by law." (Emphasis supplied.) OCGA § 42-8-60 (a) (1), (2). Probation is otherwise provided for by law under OCGA § 42-8-20 et seq. Upon a finding that any probationer has violated his probation in a *material respect* (OCGA § 42-8-38 (a)), "the court may revoke, modify, or continue the probation." OCGA § 42-8-38 (c). With respect to first offender probationers specifically, the law provides: "Upon violation by the defendant of the terms of probation, upon a conviction for another crime during the period of probation, or upon the court determining that the defendant is or was not eligible for sentencing under this article [(Article 3, Probation of First Offenders)], the court *may* enter an adjudication of guilt and proceed as otherwise provided by law." (Emphasis supplied.) OCGA § 42-8-60 (b). When a first offender probationer violates the terms of his probation and an adjudication of guilt is entered under OCGA § 42-8-60 (b), " 'the defendant is subject to receive any sentence permitted by law' including a sentence greater than the period to be served on probation which was originally imposed under the first offender law. *State v. Wiley*, 233 Ga. 316, 318 (210 SE2d 790) (1974)." *Austin v. State*, 162 Ga. App. 709, 710 (293 SE2d 10).

The State agrees that the question for decision becomes whether an adjudication of guilt is *mandatory* upon a violation by the defendant of the terms of probation. We conclude an adjudication of guilt is not mandatory for technical violations of probation.

In construing statutes, the term " 'May' ordinarily denotes permission and not command. However, where the word as used concerns the public interest or affects the rights of third persons, it shall be construed to mean 'must' or 'shall.' " OCGA § 1-3-3 (10). See also *Birdsong & Sledge v. Brooks*, 7 Ga. 88, 89 (1). " 'In the construction of statutes, *may* is held to mean *shall* in two cases, viz., where the thing to be done "is for the sake of justice, or for the public benefit." ' *Weems v. Farrell*, 33 Ga. 413, 419." *Jennings v. Suggs*, 180 Ga. 141 (1), 142 (178 SE 282).

In our view, the Code sections under review give the trial court plenary remedial authority to modify the conditions of probation where the rehabilitative goal of first offender treatment will be furthered consistent with the sake of justice, and the public interest or the rights of third persons have not been prejudiced. Where the proven violation of probation involves defendant's commission of another crime, the public interest and the rights of third persons each demand the term "may" be interpreted as the mandatory "shall," requiring revocation of first offender status, entering an adjudication of guilt, and resentencing on the underlying offense. Similarly, where it is established that defendant was ineligible for first offender treatment, the public interest demands that defendant be adjudicated and sentenced as any other felon. See *Johns v. State*, 223 Ga. App. 553, 554 (2) (479 SE2d 388). OCGA § 42-8-60 (b). But lesser technical violations such as failure to report, or, in this instance, failure to complete a remedial special condition through the diversion center program, do not necessarily affect the public interest or the rights of third persons. With respect to such technical violations of the conditions of probation (not involving a new crime or initial ineligibility), we conclude the term "may" as used in OCGA § 42-8-60 (b) is permissive and not mandatory. Consequently, the trial court in the case sub judice was authorized, in its discretion, to continue defendant on first offender probation while adding successful completion of the diversion center program as a condition of the continued first offender program. When defendant subsequently stipulated to a technical violation of the terms and conditions of probation for failing to complete that diversion center program, an adjudication of guilt and resentencing on the underlying offense was not mandated by OCGA § 42-8-60 (b). Rather, the trial court was authorized to continue defendant on first offender probation, under such additional and special terms and conditions as would, in the court's judgment, promote rehabilitation for the sake of justice. We vacate the judgment and remand the case sub judice for further proceedings in which the trial court should consider the facts and circumstances of the case sub judice in light of this opinion.

*Judgment vacated and case remanded with direction. Beasley and Smith, JJ., concur.*

DECIDED MAY 8, 1997.
Before Judge Langham.
*Alicia C. Head*, for appellant.
*Lewis R. Slaton, District Attorney, Gina C. Marshall, Kirby Clements, Jr., Assistant District Attorneys*, for appellee.