## A00A0209. BLISS v. THE STATE.
### (535 SE2d 251)

PHIPPS, Judge.

While on probation as a first offender, Joshua Bliss was convicted of misdemeanor possession of marijuana and driving with his license suspended. On the State's petition, based on these misdemeanor convictions and applying dicta in *Mohammed v. State*,[1] the trial court determined that it had no discretion in the matter and that it was obliged to adjudicate him guilty and sentence him as a felon. He appeals the trial court's failure to exercise its discretion. We find that the trial court has discretion about whether to revoke Bliss's first offender status and remand the case for the court to exercise that discretion.

In 1996, at the age of 19, Bliss and his friends made bombs out of plastic soda bottles and placed them around his neighborhood. The bombs did not explode, and no one was injured. Pursuant to plea negotiations, Bliss pled guilty to five counts of criminal possession of an explosive device. The court granted Bliss's request for first offender treatment and sentenced him to five years on probation.

On separate occasions in 1998, Bliss violated his probation by committing the offenses of misdemeanor possession of marijuana and driving with a suspended license. At the hearing on the State's petition for an adjudication of guilt and imposition of sentence in the first offender case, several family members and friends appeared on Bliss's behalf. Bliss apologized to the court, acknowledged that his actions were wrong, and stated that he was ready to take responsibility for his actions. Believing that because of the decision in *Mohammed*, she had no discretion to do otherwise, the trial judge revoked Bliss's first offender status, adjudicated him guilty, and sentenced him as a felon to five years on probation.

---

[1] 226 Ga. App. 387 (486 SE2d 652) (1997).

If a defendant is sentenced to probation as a first offender and violates the terms of his probation or is convicted for another crime during the period of probation, "the court may enter an adjudication of guilt and proceed as otherwise provided by law."[2] When construing a statute, the word "may" ordinarily denotes permission, but becomes a command if the word as used concerns the public interest or affects the rights of third persons.[3] We must therefore determine if the trial court had discretion about how to respond to Bliss's probation violations.

In *Mohammed*, we held that the trial court has discretion to continue a first offender on probation despite *technical* violations of the conditions of probation "without first revoking first offender status, entering an adjudication of guilt, and resentencing for the underlying offense."[4] In dicta, we stated that a trial judge has no discretion when a first offender violates probation by committing another crime and is required to revoke first offender status.[5] We find that this statement is too broad because it fails to distinguish between the wide range of criminal offenses from the petty to the heinous and to allow for consideration of the peculiar facts and circumstances of each case. Therefore, we disapprove of *Mohammed* to the extent that it says that where there has been a conviction for another crime a trial court has no discretion and must revoke first offender status.

Depending on the severity of the crime committed and all the facts and circumstances of the case, the trial court has discretion to determine if it is appropriate to revoke first offender status, enter an adjudication of guilt, and resentence on the underlying offense. That determination should include a consideration of whether the offense concerns the public interest or affects the rights of third persons. We remand the case to allow the trial court to exercise that discretion.

*Case remanded. Johnson, C. J., Pope, P. J., Andrews, P. J., Blackburn, P. J., Smith, P. J., Ruffin, Eldridge, Barnes, Miller, Ellington, JJ., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 24, 2000.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

---

[2] OCGA § 42-8-60 (b).
[3] OCGA § 1-3-3 (10).
[4] *Mohammed*, supra at 387-388.
[5] Id. at 389.

*Daniel J. Porter, District Attorney, James V. Branch, Assistant District Attorney*, for appellee.