A00A2068. CAMARON v. THE STATE.
(539 SE2d 577)

ELDRIDGE, Judge.

On January 1, 1998, the defendant hid in a stall in the women's restroom at Lucky Breaks Pool Hall. When the victim came in, the defendant at knifepoint forced her into the stall and to remove her clothes. He attempted unsuccessfully to penetrate her vagina from

the rear; fondled her breasts; digitally penetrated her vagina; and finally achieved a partial penile penetration of the victim's vagina. The defendant took all of the victim's clothes except for her socks. The defendant was indicted for kidnapping, rape, aggravated assault, aggravated sexual battery, possession of a knife during the commission of a felony, and sexual battery. On October 25, 1999, the defendant entered a guilty plea to all charges. On March 21, 2000, the trial court sentenced the defendant on kidnapping, rape, aggravated assault, and aggravated sexual battery to twenty years confinement to serve ten concurrently, with the balance probated, five years to serve consecutively for possession of a knife during the commission of a felony, and twelve months concurrent probation for sexual battery.

The defendant moved for the sentence to be imposed as a first offender. However, the trial court imposed a split sentence under the facts and circumstances of the case.

The defendant contends that the trial court erred as a matter of law because of the belief that the defendant was not eligible for first offender status; he contends that the trial court abused its discretion in not considering such provision when imposing sentence. However, there was no evidence that the trial court labored under the mistaken belief of law that the defendant was not eligible for first offender status or that the defendant could not be given the same time to serve in prison as a first offender. Accordingly, we affirm.

1. Defendant's first contention is that the trial court erred "in implicitly finding that [the defendant] having pled guilty to a serious violent felony under OCGA § 17-10-6.1 was precluded from requesting and obtaining [f]irst [o]ffender treatment pursuant to OCGA § 42-8-60." We do not agree.

On March 27, 1998, Ga. L. 1998, p. 180, § 2 became effective and prevented a superior court judge from giving first offender status to anyone guilty of a "serious violent felony." OCGA §§ 17-10-6.1 (b); 42-8-66. Since these serious violent felonies occurred on January 1, 1998, prior to the passage of the amendment, then the prohibition of the Act had no retroactive application to the defendant to limit the discretion of the trial judge in what sentence to impose. *Taylor v. State*, 181 Ga. App. 199, 200 (2) (351 SE2d 723) (1986). Therefore, the trial court had no legal prohibition in imposing a sentence under the First Offender Act. Prior to March 27, 1998, OCGA § 17-10-6.1 did not deprive the trial court of the discretion to impose a sentence for a "serious violent felony" as a first offender. See *Fleming v. State*, 271 Ga. 587 (523 SE2d 315) (1999); *Burleson v. State*, 242 Ga. App. 217 (529 SE2d 228) (2000); *State v. Allmond*, 225 Ga. App. 509 (484 SE2d 306) (1997).

A sentence imposed under OCGA § 42-8-60 upon a defendant as

a first offender lies entirely within the discretion of the trial court. *Moore v. State*, 236 Ga. App. 889, 890 (514 SE2d 73) (1999); *Hardman v. Hardman*, 185 Ga. App. 519, 520 (4) (364 SE2d 645) (1988), overruled on other grounds, *Pender v. Witcher*, 196 Ga. App. 856 (397 SE2d 193) (1990); *Welborn v. State*, 166 Ga. App. 214, 215 (303 SE2d 755) (1983). The initial sentence or a sentence upon revocation of the first offender status is within the sound discretion of the trial court and is limited only by the statutory guidelines. *Mohammed v. State*, 226 Ga. App. 387, 388-389 (486 SE2d 652) (1997), rev'd in part on other grounds, *Bliss v. State*, 244 Ga. App. 160 (535 SE2d 251) (2000); *Griffin v. State*, 163 Ga. App. 871 (3) (295 SE2d 863) (1982); *Austin v. State*, 162 Ga. App. 709, 710 (293 SE2d 10) (1982). Whether to grant probation as to all or part of any sentence is discretionary.

The trial court made no written ruling or statement on the record that indicated that the trial court believed that first offender status was not available to the defendant or what could be construed as a refusal to exercise discretion regarding first offender status. See *Jones v. State*, 208 Ga. App. 472, 473 (431 SE2d 136) (1993). The defendant has failed to establish this alleged error upon the record as to a belief of the trial judge in a lack of discretion. *Flanigan v. State*, 238 Ga. App. 296 (1) (517 SE2d 569) (1999). Absent evidence of record or evidence in the record demonstrating error, the trial court is presumed to have acted properly in imposing sentence, because the presumption of correctness overcomes any inference to the contrary absent evidence to support the inference. See *Echols v. State*, 231 Ga. App. 501, 502 (498 SE2d 66) (1998); *Hamrick v. State*, 197 Ga. App. 89, 91-92 (4) (397 SE2d 503) (1990).

2. Defendant's second contention is that the trial court erred in refusing to consider first offender treatment for the defendant as an exercise of discretion. We do not agree.

Refusal to consider first offender treatment as part of a sentencing formula or policy by automatic denial constitutes an abuse of discretion and constitutes reversible error. *Jones v. State*, supra at 473. However, there must be a clear statement in the record that constitutes either a general refusal to consider such treatment or an erroneous expression of belief that the law does not permit the exercise of such discretion. Where the trial court does not engage in a mechanical sentencing formula or a failure to consider such sentencing alternative on the record, then such failure or refusal is the permissible exercise of discretion. *Moore v. State*, supra at 890. Neither policy, formula, nor refusal to consider the first offender option is present in this case.

In this case, upon request of defense counsel, the trial court considered such treatment, as well as the nature of the offense, the aggravating circumstances of the offense, the consequences of incar-

ceration to the defendant, and the mental status of the defendant. While the trial court did not specifically address the request for first offender status, the trial court generally acknowledged such request. If defense counsel wanted a specific ruling upon the record, then he should have requested a ruling; otherwise, such alleged error was waived. He cannot fail to preserve an alleged error by requesting a timely ruling and now rely upon a silent record. See *West v. State*, 224 Ga. App. 190, 191 (2) (480 SE2d 238) (1997).

The trial court chose to protect society from a violent defendant with lack of impulse control and imposed a sentence well above the minimum mandated by statute, indicating his view of the defendant as dangerous. Thus, the record is devoid of evidence that the trial court refused to consider first offender status. *Moore v. State*, supra at 890. Absent evidence, the trial court is presumed to have acted correctly. *Echols v. State*, supra at 502.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 20, 2000.

*John Matteson*, for appellant.

*Daniel J. Porter, District Attorney, Annette S. Malena, Frank Ilardi, Assistant District Attorneys*, for appellee.