A07A1602. VALENTINE v. THE STATE.
(656 SE2d 208)

SMITH, Presiding Judge.

Ronnell Valentine was indicted on several counts including felony murder, possession of a firearm during the commission of a felony, aggravated assault, and burglary. A jury found him guilty only of burglary. Following the denial of his motion for new trial, Valentine appeals, challenging the sufficiency of the evidence, the admission of his confession, and his sentence of 20 years to serve. We find no error and affirm.[1]

Construed in favor of the verdict, the evidence showed that Valentine and Willie Liddell accosted the victim at a neighborhood store. Liddell told Valentine that the victim knew a "big time" drug dealer who had a large amount of money in his home. Valentine and Liddell planned to use the victim to get into the drug dealer's home in

---

[1] We note that the State's use of all capital letters in its brief of appellee makes the brief extremely difficult to read. An all capital typeface or font is inappropriate and should not be used in any pleadings or correspondence submitted to this court. See Court of Appeals Rule 1 (c).

order to rob him. Valentine carried a 9mm weapon and Liddell carried a .45 caliber weapon. Once at the home, Liddell stood at the door with the victim at gunpoint. When the victim knocked on the door, a female occupant opened the door. She observed the victim at the door with Liddell behind him with a gun. When asked if she saw any other persons outside the door, she stated that she thought she saw a shadow, but was not sure.

Once inside the home, the victim and Liddell struggled for Liddell's gun. The female occupant ran out of the home. At some time during the struggle, at least three shots were fired with one of the three hitting Liddell in the arm, and a second hitting the victim in the arm and chest, killing him. The firearms examiner testified that the bullet that killed the victim came from Valentine's 9mm pistol, which was later found at his girlfriend's house. A .45 caliber pistol and a .45 Auto shell casing were found at the scene.

Valentine's cousin testified that two weeks before the incident, Valentine told him that he "and some other guys were plotting on robbing someone." He testified further that Valentine called him on the day of the incident and told him that "something went wrong" with the plan and that "somebody got shot." During the conversation, Valentine told his cousin "it wasn't me, man, because my gun fully loaded [sic]."

In a videotaped interview with police, Valentine admitted that he and Liddell were supposed to rob the drug dealer, but claimed that he was outside when the victim was shot because he was only a "look-out." He told police that he saw the victim and Liddell struggling over a gun. Valentine stated that he did not use his own 9mm gun because it was broken and in his pocket during the incident.

1. Valentine contends that his uncorroborated confession alone is insufficient to convict him of burglary. "Although an uncorroborated confession cannot support a conviction under OCGA § 24-3-53, corroboration of a confession *in any particular* satisfies the requirements of the statute." (Citations and punctuation omitted; emphasis supplied.) *Miller v. State*, 268 Ga. 1, 2 (485 SE2d 752) (1997). Here, Valentine's statement was sufficiently corroborated by evidence that a bullet from his 9mm handgun killed the victim and by his admission to his cousin of his involvement in the robbery and its planning. Therefore, we find sufficient evidence under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to find Valentine guilty as a party to the crime of burglary beyond a reasonable doubt. See, e.g., *Maddox v. State*, 278 Ga. 823, 824-825 (1) (607 SE2d 587) (2005); *Adams v. State*, 271 Ga. 485 (1) (521 SE2d 575) (1999); OCGA § 16-7-1 (a) (burglary is defined as entering the home of another without authority and with the intent to commit a felony therein); see also OCGA § 16-2-20 (party to a crime).

2. Valentine contends that his confession was involuntary because it was made with the hope of benefit from the officers. He argues that officers repeatedly told him that they knew he was not the "shooter" and that he was coaxed by the use of such language "into giving a confession based on the untrue representation of the police that he was only confessing to burglary," not murder. Under OCGA § 24-3-50, an admissible confession "must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."

The record reveals that the officers told Valentine that he should "come off [his] part of it . . . [i]t makes a big difference." Officers also told Valentine: "It will look a whole lot better on you to tell us what happened and name the other person, than it will for you to sit back and not say anything and look like a monster." However, such "[a]dmonitions to tell the truth will not invalidate a confession." (Citation and punctuation omitted.) *Preston v. State*, 282 Ga. 210, 212 (2) (647 SE2d 260) (2007); see also *Clark v. State*, 279 Ga. 243, 244 (2) (611 SE2d 38) (2005) (statement by police that they knew defendant was not triggerman did not constitute hope of lighter sentence). Even if we assume that these statements offer the hope of a lighter sentence, immediately following the statements by police, Valentine asked, "How long will I get?," and the interrogating officer responded, "That's something you got to work out with the D.A.'s office, your attorney and all that kind of stuff." Therefore any hope of benefit was dispelled by the officer's statement that he had no influence over Valentine's possible punishment. See *Martin v. State*, 271 Ga. 301, 304-305 (2) (518 SE2d 898) (1999). Under these circumstances, the trial court did not clearly err in finding that Valentine's statement was voluntary.

3. Valentine contends that the trial court erred by mechanically sentencing him to 20 years to serve.

[T]his Court has held that a trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore is an abdication of judicial responsibility. That is not to say, however, that a trial court is required to treat a defendant as a first offender. To the contrary, trial courts retain discretion in granting first offender treatment. And we vacate and remand only when a trial court refuses to consider such option.

(Citations, punctuation and footnote omitted.) *Horton v. State*, 251 Ga. App. 796, 797 (3) (554 SE2d 812) (2001).

The record reveals that during trial, 11 character witnesses spoke on Valentine's behalf. Before Valentine was sentenced, defense counsel stated to the court:

> Your Honor, I would just ask the Court to consider the number of character witnesses we had coming to speak on his behalf during the trial. Many of them waited around during the course of this day. Take into consideration his lack of prior record. You heard the testimony about this case, his involvement, or lack of involvement in it. And I ask the Court to take all these things into consideration.
>
> I would also ask the Court, and I don't know whether you're willing to do this or not, but to consider First Offender. He's certainly eligible for it.

The trial court responded: "Quite frankly speaking, I don't know what to make of Mr. Valentine at all. He had plenty of opportunities in life, and to do what he did makes no sense to me whatsoever. He committed a burglary, and a life was lost as a result of that. I'm sentencing him to 20 years to serve."

Valentine argues that this statement and the trial court's failure to consider first offender status is a refusal by the court to exercise its discretion in sentencing. But "there must be a clear statement in the record that constitutes either a general refusal to consider such treatment or an erroneous expression of belief that the law does not permit the exercise of such discretion." *Camaron v. State*, 246 Ga. App. 80, 82 (2) (539 SE2d 577) (2000). Here, the trial court heard the testimony of the character witnesses as well as Valentine's plea for first offender treatment, and in its discretion chose to sentence Valentine to 20 years to serve. The court's comments "do not show an inflexible policy or formula that would require imposition of a particular kind of punishment for a particular offense or the rejection of an available sentencing option." (Citations and punctuation omitted.) *Williams v. State*, 221 Ga. App. 98, 98-99 (470 SE2d 489) (1996). We therefore do not find that the court employed a mechanical sentencing formula.

Valentine also takes issue with the court's statement during sentencing that "a life was lost as a result." He argues that the court's "obvious consideration of the felony murder count [premised on burglary] in sentencing flies in the face of the jury's verdict." Assuming the trial court's statement showed that it considered the death of the victim in sentencing Valentine, the Georgia Supreme Court has held that "[w]hen sentencing, a trial court may consider any evidence that was properly admitted during the guilt-innocence phase of the

trial." (Citations and footnote omitted.) *Blake v. State*, 273 Ga. 447, 450 (4) (542 SE2d 492) (2001). Here, the undisputed evidence showed that Valentine and Liddell were involved in a burglary and that the victim died during the incident. Therefore, the trial court could have considered the victim's death in sentencing had it wished to do so. See id.; *Boney v. Tims*, 254 Ga. 664, 665 (333 SE2d 592) (1985). The court's statement that "a life was lost as a result [of Valentine's commission of a burglary]," did not somehow invalidate Valentine's sentence, which was within statutory limits. See *Hill v. State*, 258 Ga. App. 339, 343 (6) (574 SE2d 394) (2002); OCGA § 16-7-1 (a) (sentence for first offense of burglary is not less than one nor more than twenty years).

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED DECEMBER 20, 2007.

*William S. Lewis, Gabrielle A. Pittman*, for appellant.
*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney*, for appellee.