**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**October 9, 2012**

# In the Court of Appeals of Georgia

A12A1253. McCULLOUGH v. THE STATE.

ADAMS, Judge.

Craig McCullough was charged with false imprisonment, battery (family violence), four counts of cruelty to children in the third degree and one count of reckless conduct and was convicted by a jury of cruelty to children and reckless conduct.[1] In his sole argument on appeal, he contends that the trial court erred by refusing to exercise its discretion and consider his request to be sentenced as a first offender pursuant to OCGA § 42-8-60.

> Refusal to consider first offender treatment as part of a
> sentencing formula or policy of automatic denial
> constitutes an abuse of discretion and constitutes reversible

---

[1] The charges arose out of a family violence incident between McCullough and his wife during which children were present.

error. However, there must be a clear statement in the record that constitutes either a general refusal to consider such treatment or an erroneous expression of belief that the law does not permit the exercise of such discretion.

(Footnote citation omitted.) *Powell v. State*, 271 Ga. App. 550, 551-552 (610 SE2d 178) (2005).

The transcript from the sentencing phase of the proceedings reflects that defense counsel first requested twelve months probation, and the trial court indicated he had to do something "a little better than that." The trial court then pondered imposing a fine, but noted that would be "taking food, . . . taking toys away from [McCullough's children]."

Defense counsel then requested a first offender sentence so McCullough would not be barred from hunting for life. The trial court's initial response to the request was "[h]e's guilty." Defense counsel then reminded the judge that he had to consider first offender as an alternative for sentencing, and the trial judge stated "Yeah, but I'm not going to do it." Defense counsel asked why and the trial court expounded slightly "[b]ecause he was found guilty by a jury, and I'm not going to do it."

After further discussion of the imposition of a fine, defense counsel asked the court to reconsider first offender, reminding the court that there was no gun used in the crime and that he was requesting that McCullough be granted first offender status so that he could continue to hunt. The trial court again refused, noting that "the jury didn't believe [McCullough]" to which defense counsel responded that McCullough had not testified. After further discussion of a probated sentence and various offers allegedly made by the prosecutor's office, the trial court noted, "Well, the sentencing is up to me."

The court then stated

> I want you to know something. I went home last night, when I went to bed, the only thing that was on my mind was, if this gentleman is found guilty, what am I going to do? And I'm going . . . to give him five years in prison because it's my responsibility to protect children, okay. And that's my responsibility. What you do – and the jury's found you guilty. And I accept – I have to accept what the jury's done. They found you guilty of these charges. And therefore, what you do, they're going to do when they grow up. You're going to have to get things straightened out, okay?"

After McCullough interjected that he would never hurt his children, the court continued, "I know you wouldn't, but yet you're doing – the jury found that you did this in front of them, okay. And that's the jury's verdict. And that really bothers me. I mean, I almost got tears in my eyes when your daughter came up [to testify]." After a few additional remarks from both the trial judge and McCullough, and just prior to announcing sentence, the court stated "I've got to make sure this doesn't happen again; otherwise I'm not doing my job. I've got to do everything I can to put – and I hate to put it this way – a hook in you."

McCullough was then sentenced to 12 months probation, 12 consecutive weekends in jail on Count 3, to be served from 8:00 p.m. Friday to 8:00 a. m. Sunday. McCullough also had to attend Family Violence Intervention Counseling and Anger Management Counseling, but if his wife attended with him, his jail time would be reduced to 8 weekends. The Court sentenced McCullough to either consecutive or concurrent probation on the remaining counts, with the provision that McCullough did not have to report to his probation officer after one year if he completed all required counseling.

Even assuming that the court's initial statement that he was not affording McCullough first offender treatment because he had been convicted by a jury *might* be read as indicating a policy not to grant first offender treatment following a jury's conviction or was an indication that the court was simply refusing to entertain the request at all, "the test here is not what might be inferred from an ambiguous statement, but whether the statement by the court *clearly*, i.e., unambiguously, shows a misunderstanding of the law or a general policy of not exercising discretion." *Powell*, 271 Ga. App. at 552. We do not believe the trial court's remarks during sentencing indicate either a lack of awareness that the court had the discretion to sentence McCullough under the first offender statute, that the court was applying a mechanical policy that prevented proper consideration of the request, or that there was an outright refusal to consider the request. Rather, considering the judge's remarks as a whole, we believe that he did consider all sentencing options, including first offender treatment, and decided, in the exercise of his discretion, that he would not grant McCullough first offender status because the jury had found him guilty of domestic violence toward his wife in the presence of his children. The trial court in this case was very deliberate and considered several options in fashioning a sentence that deterred McCullough from committing a similar crime in the future, protected his

5

children and did not cause his family to suffer undue hardship. Thus, in our view the court clearly did not abdicate its responsibilities in imposing sentence.

> There is a presumption that a trial court has regularly and correctly conducted the proceedings. Absent *clear*, i.e., unambiguous, statements in the record showing (1) an explicit request for First Offender Act treatment at the time of sentencing and (2) a failure to exercise discretion as evidenced by a misunderstanding of the law or a general policy against First Offender Act treatment, we will affirm the sentence as pronounced by the trial court.

*Powell*, 271 Ga. App. at 552-553.

*Graydon v. State*, 313 Ga. App. 580, 581 (722 SE2d 173) (2012) (although court stated its general policy concerning first offender treatment, also clarified it had no absolute rule and cited nature of the offense as the primary reason for denying request); *Steele v. State*, 270 Ga. App. 488, 492 (606 SE2d 664) (2004) (court's announcement that it would deny first offender status "[b]ased on the nature of the offense" did not indicate mechanical sentencing policy); *Threlkeld v. State*, 250 Ga. App. 44, 46 (2) (550 SE2d 454) (2001) (court articulated reasons for denying first offender treatment); *Camaron v. State,* 246 Ga. App. 80, 82-83 (2) (539 SE2d 577) (2000) (court did not expressly address request on the record but considered nature of offense, aggravating circumstances, consequences of incarceration and mental

6

status of defendant). Cf. *Wnek v. State*, 262 Ga. App. 733, 734 (586 SE2d 428) (2003) (court stated that it never granted first offender treatment when a defendant had been convicted by a jury); *Cook v. State*, 256 Ga. App. 353, 353-354 (568 SE2d 482) (2002) (court stated to the defendant that he had "lost his chance" for first offender by going to trial); *Stovall v. State,* 251 Ga. App. 7, 10 (2) (553 SE2d 297) (2001) (refused to consider because defendant opted for trial instead of entering a plea); *Jackson v. State*, 244 Ga. App. 477, 478 (3) (535 SE2d 818) (2000) (court stated mechanical policy of refusing to consider first offender treatment if the defendant opted for trial instead of entering a plea).

In this case, the trial court, in the proper exercise of its discretion, declined to grant McCullough's request for first offender treatment, and we discern no basis for reconsideration of McCullough's sentence.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*