**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 13, 2014**

# In the Court of Appeals of Georgia

A13A1691. COLLINS v. THE STATE.

McFADDEN, Judge.

After a jury trial, Jamal Collins was convicted of armed robbery, possession of a firearm during the commission of a crime and possession of an article with an altered identification mark. He appeals, challenging the sufficiency of the evidence, the failure to have him psychologically evaluated before trial, an alleged comment on his co-defendant's right to remain silent, the imposition of sentence by a substitute judge, the judge's failure to exercise discretion in imposing sentence and the trial court's refusal to grant a new trial based on the admission of allegedly improper evidence. However, there is enough evidence to support the verdict, Collins failed to obtain a ruling as to an evaluation and acquiesced in trying the case without an evaluation, he was not prejudiced by the comment regarding the co-defendant, a

substitute judge was necessitated by the death of the trial judge and Collins has shown no harm in the substitute judge imposing sentence, the sentencing judge properly exercised his discretion, and Collins has not specified any purportedly improper evidence and has thus abandoned any such claim of error. Accordingly, we affirm.

1. *Sufficiency of the evidence.*

Collins claims that there is insufficient evidence to support his convictions. The claim is without merit.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Brown v. State*, 318 Ga. App. 334, 334-335 (733 SE2d 863) (2012) (citations and punctuation omitted).

So viewed, the evidence shows that the victim was sitting in his truck when a car pulled up beside him. Collins got out of the passenger side of the car, approached the victim with a handgun, ordered him to turn off his truck, and demanded his keys and wallet. The victim complied, and Collins told him that since "we have got your

2

ID, don't tell anybody or we'll get you." Collins got back in the car and fled with the accomplice driver. Collins and his co-defendant were subsequently stopped by deputy sheriffs who had received a call to be on the lookout for the car. Inside the car, investigators found the victim's wallet and keys, and the handgun, which had the serial number scraped off of it. The evidence was sufficient to authorize a rational trier of fact to find Collins guilty beyond a reasonable doubt of charged offenses. See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. *Psychological evaluation.*

Collins contends that the trial court erred in failing to have him psychologically evaluated prior to trial. Although his attorney filed a petition for an evaluation, he never obtained a ruling from the trial court on it. Rather, counsel and Collins proceeded to trial without an evaluation, fully participated in the trial, had Collins testify at trial, never objected to the lack of a ruling by the trial court on the petition, and did not raise the matter as an issue in his motion for new trial. Under these circumstances, there is nothing for us to review. "Appellate courts exist to review asserted error but where the defendant makes no objection or obtains no ruling of the trial court, the contended problem cannot be made the basis of appellate review as there is no ruling to review." *Fennell v. State*, 271 Ga. App. 797, 799 (2) (611 SE2d

3

96) (2005) (citation and punctuation omitted). See also *Wilson v. State*, 277 Ga. 195, 200 (2) (586 SE2d 669) (2003) (claim that trial court's failure to allow pre-trial psychiatric evaluation prevented effective representation not preserved for appellate review where it was not raised on motion for new trial).

3. *Co-defendant's right to remain silent.*

Collins complains that the trial court erred in failing to grant him a mistrial after the state impermissibly commented on his co-defendant's right to remain silent. We disagree.

While cross-examining the co-defendant about his testimony concerning a set of car keys, the prosecutor said, "And you haven't told anyone this story until this morning; isn't that right?" The co-defendant's attorney objected and moved for a mistrial on the ground that it was an improper comment on the co-defendant's right to remain silent. The trial court sustained the objection, but denied the motion for a mistrial. After that ruling, counsel for Collins moved for a mistrial "to the extent [Collins'] rights may be prejudiced by the fact that this question was asked to [the co-defendant.]" The trial court asked how Collins was prejudiced by the question posed to the co-defendant, and counsel for Collins offered no showing of prejudice. The trial court then denied Collins' motion.

4

"Whether to grant a motion for a mistrial is within the sound discretion of the trial court, and this [c]ourt will not disturb the ruling on appeal unless it resulted from a manifest abuse of that discretion. [Cit.]" *Dulcio v. State*, 292 Ga. 645, 648 (2) (740 SE2d 574) (2013). Here, the trial court did not abuse its discretion in denying Collins' motion for a mistrial based on a question posed to his co-defendant, which Collins has failed to show prejudiced him in any way. See *Sheats v. State*, 231 Ga. 362, 363-364 (3) (201 SE2d 420) (1973) (no error in refusing to grant mistrial where prosecutor referred to co-indictees' right not to testify, but made no reference to appellant); *Mayfield v. State*, 220 Ga. App. 19, 20 (2) (467 SE2d 352) (1996) (no prejudice where appellant failed to show that evidence admitted against co-defendant was considered against him).

4. *Substitute judge for sentencing.*

After the jury returned its verdict, but before sentence was imposed, the superior court judge who presided over the trial died. Collins moved to set aside the verdict, but a judge of the same court denied the motion and imposed sentence. Collins claims it was error for the substitute judge to deny the motion and impose sentence. The claim is without merit.

As an initial matter, we note that a court may seek assistance from another judge in the same county where a judge of the court "is unable to preside because of disability, illness, or absence." OCGA § 15-1-9.1 (b) (2) (B). See also *McIntyre v. State*, 266 Ga. 7, 18 (4) (463 SE2d 476) (1995) (Sears, J., concurring in part and dissenting in part) (substitution of a judge may be necessitated by incapacitation of the judge by death or debilitating illness or trauma). Nevertheless, even if we assume some error in seeking such assistance in the instant case, "any error in the substitution of judges is subject to harmless error analysis. [Cits.]" *McIntyre*, supra at 9 (2). Collins has shown "no harm resulting from the substitution [after the death] of the trial judge[]." *Speed v. State*, 270 Ga. 688, 698 (42) (512 SE2d 896) (1999) (citation omitted) (no harm where trial judge left town due to family member's illness and substitute judge gave charge to jury and presided over deliberations). See also *Cooper v. State*, 281 Ga. 760, 761 (3) (642 SE2d 817) (2007) (no harm where, after unspecified emergency, substitute judge accepted verdict from the jury); *McIntyre*, supra at 8-9 (2) (no harm where trial judge left to attend funeral and substitute judge presided over end of trial). Accordingly, this enumeration provides no basis for reversal of the trial court's judgment.

5. *Exercise of sentencing discretion.*

6

Collins contends that the sentencing judge did not exercise any discretion in sentencing him to 20 years for the armed robbery, pointing to the judge's comments that "[i]n this circuit you ain't going to get 10 years if you get out with a loaded gun and stick it in somebody's face and take their money" and that "[t]he only question is life or 20 years no parole." Indeed, a court's use of a mechanical sentencing formula amounts to a refusal to exercise its discretion. *Cottingham v. State*, 206 Ga. App. 197, 199 (3) (424 SE2d 794) (1992). The test is "whether the statement by the court *clearly*, i.e., unambiguously, shows a misunderstanding of the law or a general policy of not exercising discretion." *McCullough v. State*, 317 Ga. App. 853, 854-855 (733 SE2d 36) (2012) (emphasis in original; citation and punctuation omitted). Moreover, we consider the judge's remarks as a whole. Id.

The transcript of the sentencing hearing shows that prior to the remarks in question, the judge gave a lengthy summary of the evidence and noted the minimum possible sentence of ten years. Considered as a whole, we do not believe the trial court's remarks indicate either a misunderstanding of the law or a general policy of not exercising discretion. Rather, he clearly knew the possible sentencing range and, based on the manner in which the armed robbery was committed, determined that neither the minimum nor maximum sentence was appropriate, and that instead a 20-

7

year sentence was authorized. Accordingly, we find that the trial court did not employ a mechanical formula in imposing the sentence in this case. See *Williams v. State*, 221 Ga. App. 98, 99 (470 SE2d 489) (1996).

6. *New trial.*

Collins enumerates that the trial court abused its discretion when it failed to grant him a new trial, claiming that he objected to hearsay and other illegal evidence. However, he has not indicated any specific evidence upon which this enumeration is based and he has made no citations to the record or transcript. "In the absence of such reference [to the record or transcript], the Court will not search for or consider such enumeration." Court of Appeals Rule 25 (c) (2) (i). See *Massey v. State*, 278 Ga. App. 303, 307 (3) (628 SE2d 706) (2006) (enumeration of error abandoned where appellant failed to specify allegedly improper evidence).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*