**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 25, 2015**

# In the Court of Appeals of Georgia

A15A1348. COOPER v. THE STATE.

MCFADDEN, Judge.

After a bench trial, DeMarco Cooper was convicted of four counts of selling cocaine, five counts of distributing cocaine within 1,000 feet of a public housing project, three counts of using a communication facility to commit or facilitate the commission of a felony (sale of cocaine), one count of possessing cocaine with intent to distribute, and one count of possessing a counterfeit controlled substance. Cooper appealed, and this court vacated the judgments of conviction and remanded the case to the trial court for an evidentiary hearing on the issue of whether Cooper knowingly and voluntarily waived his right to a jury trial. See *Cooper v. State*, 324 Ga. App. 451, 452-453 (1) (751 SE2d 102) (2013). In that prior appeal, this court also went on to review the sufficiency of the evidence supporting the vacated judgments of

conviction, reasoning that the trial court, after the remand hearing on the issue of waiver of the right to a jury trial, would not be authorized to reinstate any conviction that the state had failed to prove. Id. at 453 (2). This court then determined that there was insufficient evidence to establish that Cooper had possessed a counterfeit drug or that he had sold drugs within 1,000 feet of a public housing project so those convictions could not be reinstated. Id. at 455-456 (2) (b & c).

On remand, after holding an evidentiary hearing, the trial court found that Cooper had knowingly and voluntarily waived his right to a jury trial. The trial court reinstated the convictions that were not barred by this court's prior opinion, dismissed the other charges, and denied Cooper's request for re-sentencing him as a first offender. Cooper appeals.

1. *Waiver of right to jury trial.*

Cooper contends that the trial court erred in finding that he knowingly and voluntarily waived his right to a jury trial. We disagree.

> A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the [s]tate bears the burden of showing that the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the

2

waiver was knowingly and voluntarily made. The waiver, however, need not follow any particular form. The only real issue is whether the defendant intelligently agreed to a trial without jury. On appeal, we will affirm a trial court's determination that a defendant validly waived the right to a jury trial unless that determination is clearly erroneous.

*Green v. State*, 331 Ga. App. 801, 808 (3) (771 SE2d 518) (2015) (citations and punctuation omitted).

At the evidentiary hearing in this case, the state introduced a written waiver of the right to a jury trial signed by Cooper and his attorney. On the written waiver, Cooper acknowledged that he understood the offenses charged, the maximum possible sentence for those charges, his right to a jury trial and the various rights associated with a jury trial. On the document, Cooper expressly waived his right to a jury trial and requested that his case instead be set for trial before the court, stating that he understood that in such a trial the court would "decide[] the issues in the case without a jury present."

The state also presented the testimony of Cooper's attorney, who testified that it was his signature and handwriting on the waiver form and that he had executed the document with Cooper. Although he did not specifically recall discussing the matter with Cooper, counsel testified that he would have gone over the form in detail with Cooper and would have explained to him that it gave up his right to a jury trial in

3

favor of a bench trial before only the judge. See *Jones v. State*, 294 Ga. App. 169, 170 (1) (670 SE2d 104) (2008) (extrinsic evidence showing waiver of jury trial may include testimony by defense counsel about his routine or standard practices).

Based on our review of the record, we conclude that the trial court did not err in determining "that the [s]tate fulfilled its burden of demonstrating that [Cooper] personally, voluntarily, knowingly, and intelligently waived his right to a jury trial. [Cits.]" *Green*, supra at 809 (3).

2. *First offender status.*

At the sentencing hearing after the bench trial, the trial court informed Cooper that he was eligible for first offender status and the court indicated that it would grant such status if Cooper requested it. But after the trial court further explained the benefits and risks of first offender sentencing, Cooper declined it and the court did not sentence him as a first offender. Upon remand of the case, Cooper requested that the court re-visit the issue and re-sentence him as a first offender. The trial court heard arguments from both Cooper and the state, after which it denied the request.

> Refusal to consider first offender treatment as part of a sentencing formula or policy of automatic denial constitutes an abuse of discretion and constitutes reversible error. However, there must be a clear statement in the record that constitutes either a general refusal to

4

consider such treatment or an erroneous expression of belief that the law does not permit the exercise of such discretion.

*McCullough v. State*, 317 Ga. App. 853 (733 SE2d 36) (2012) (citation omitted).

Here, the record does not contain any such clear statement by the trial court indicating a general refusal to consider first offender treatment or an erroneous belief that the law does not permit the exercise of such discretion. On the contrary, it is clear from the record that the trial court understood that it could sentence Cooper as a first offender, but properly exercised its discretion in deciding not to do so. Accordingly, "we discern no basis for reconsideration of [Cooper's] sentence." Id. at 856.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*