A11A0926, A11A0927, A11A0928, A11A1027. HIGDON
v. THE STATE (four cases).
(715 SE2d 741)

ANDREWS, Judge.

Carl David Higdon pleaded guilty to various felony and misdemeanor offenses charged in four cases. He appeals from the sentences imposed in the separate judgment entered in each case claiming that the trial court erroneously refused to exercise its discretion to consider sentencing him on all the offenses as a first offender under the provisions of OCGA § 42-8-60 et seq. et seq. We combine the appeals for this opinion, find no error, and affirm the judgment and sentences in all four cases.

At a hearing on November 23, 2010, Higdon entered guilty pleas to all the offenses set forth in three accusations and one indictment.

In Case No. A11A0926, Higdon pleaded guilty to three counts of deposit account fraud in violation of OCGA § 16-9-20. As set forth in an accusation filed on January 27, 2010, in Catoosa County, Higdon

was charged in that case with one felony count by delivering one bad check on February 5, 2009, for $850 in exchange for currency, and two misdemeanor counts by delivering two bad checks on February 21, 2009, for $535 and $214, respectively, in exchange for jewelry.

In Case No. A11A0927, Higdon pleaded guilty to three additional counts of deposit account fraud in violation of OCGA § 16-9-20. As set forth in another accusation also filed on January 27, 2010, in Catoosa County, Higdon was charged in that case with three misdemeanor counts by delivering one bad check on June 29, 2009, for $286.76 in exchange for a microwave and an iron; delivering one bad check on June 26, 2009, for $499 in exchange for a mattress and foundation; and delivering one bad check on July 2, 2009, for $150 in exchange for reserving the Fort Oglethorpe City swimming pool.

In Case No. A11A0928, Higdon pleaded guilty to one count of misdemeanor theft by taking in violation of OCGA § 16-8-2. In that case, Higdon was charged by accusation filed November 23, 2010, in Catoosa County with taking a utility trailer on December 26, 2009, with the intent of depriving the owner of the property.

In Case No. A11A1027, Higdon pleaded guilty to one felony count of burglary in violation of OCGA § 16-7-1. In that case, Higdon was charged by indictment filed April 6, 2010, in Walker County with burglarizing a dwelling house in December 2009.

After the trial court accepted the guilty pleas as voluntary, but before any adjudication of guilt, defense counsel asked the court to sentence Higdon on all the offenses in all four cases as a first offender under OCGA § 42-8-60 et seq. OCGA § 42-8-60 provides in part that:

> (a) Upon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant:
> (1) Defer further proceeding and place the defendant on probation as provided by law; or
> (2) Sentence the defendant to a term of confinement as provided by law.
> (b) Upon violation by the defendant of the terms of probation, upon a conviction for another crime during the period of probation, or upon the court determining that the defendant is or was not eligible for sentencing under this article, the court may enter an adjudication of guilt and proceed as otherwise provided by law. No person may avail himself or herself of this article on more than one occasion.

. . .

Under OCGA § 42-8-62, once the defendant has fulfilled the terms of the first offender sentence or been released by the court, the defendant is discharged without adjudication of guilt, exonerated of criminal purpose (with certain exceptions), and is not considered to have a criminal conviction. The purpose is to allow the first offender an opportunity for rehabilitation without the stigma of a criminal conviction. *State v. Wiley*, 233 Ga. 316, 317 (210 SE2d 790) (1974).

It is undisputed that Higdon had never previously been convicted of a felony and was otherwise eligible to be sentenced as a first offender. The trial court refused Higdon's request for first offender treatment in all four cases, stating that it had no authority to treat him as a first offender in all four cases, but offering instead to exercise its discretion to sentence him as a first offender in one of the four cases. Higdon refused the court's offer to consider first offender treatment in only one case, stating that "there would be no benefit of doing that."

Whether to grant first offender treatment to a defendant eligible for it is within the discretion of the trial court. *Moore v. State*, 236 Ga. App. 889, 890 (514 SE2d 73) (1999). When an eligible defendant requests first offender treatment, the trial court has an obligation to consider the request and exercise its discretion. *Powell v. State*, 271 Ga. App. 550, 551-552 (610 SE2d 178) (2005). Where the record clearly shows that the trial court refused to consider requested first offender treatment based on an automatic policy of denial, or on an erroneous belief that the law did not permit such treatment, this amounts to a refusal to exercise discretion and is reversible error. Id. We find no such reversible error in these cases.

Higdon entered guilty pleas on offenses set forth in four separate charging instruments — three accusations and one indictment on which the court sentenced the defendant in four separate judgments. Under OCGA § 42-8-60 (b), Higdon was entitled to first offender treatment on only "one occasion." Although "one occasion" is not defined in the first offender statutes, we seek to give effect to the legislature's intent and, in so doing, give the words their ordinary meaning. *Abdulkadir v. State*, 279 Ga. 122, 123 (610 SE2d 50) (2005). By limiting first offender treatment to "one occasion," we find that the legislature intended an application broader than a narrow limit to only one offense. Even if "one occasion" could be reasonably interpreted to limit first offender treatment to only one offense, "[a] criminal statute must be construed strictly against criminal liability and, if it is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted." *Maxwell v. State*, 282 Ga. 22, 23 (644 SE2d 822) (2007) (citation and punctuation omitted). Applying the broader application more favorable to criminal defendants, we conclude that

the most reasonable interpretation of the legislature's intention is that "one occasion" of first offender treatment means for one or more offenses set forth in one charging instrument for one trial, or for one or more offenses set forth in multiple charging instruments consolidated or joined for one trial. In other words, we conclude that "one occasion" of first offender treatment means in a single prosecution of related offenses. There being no evidence that any of the accusations or the indictment at issue were consolidated or joined for prosecution in a single trial, the trial court correctly concluded that each accusation and the indictment represented "one occasion" for purposes of first offender sentencing, and that it could consider giving Higdon first offender treatment in one case but not all four.

*Judgments affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED JULY 27, 2011 —
RECONSIDERATION DENIED AUGUST 15, 2011 —

*Jad B. Johnson, David J. Dunn, Jr., Jimmonique R. S. Rodgers,* for appellant.

*Herbert E. Franklin, Jr., District Attorney, Jennifer A. Morris, Assistant District Attorney,* for appellee.