## S12G0033. HIGDON v. THE STATE.

(733 SE2d 750)

NAHMIAS, Justice.

This case involves Georgia's "first offender" statute, which provides, in relevant part, the following:

> (a) Upon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant:

      (1) Defer further proceeding and place the defendant on probation as provided by law; or

      (2) Sentence the defendant to a term of confinement as provided by law.

(b) Upon violation by the defendant of the terms of probation, upon a conviction for another crime during the period of probation, or upon the court determining that the defendant is or was not eligible for sentencing under this article, the court may enter an adjudication of guilt and proceed as otherwise provided by law. *No person may avail himself or herself of this article on more than one occasion.*

. . .

OCGA § 42-8-60 (emphasis added). We granted certiorari to consider whether the Court of Appeals, in *Higdon v. State*, 311 Ga. App. 387 (715 SE2d 741) (2011), properly construed the last sentence of OCGA § 42-8-60 (b). We affirm.

1. Appellant Carl Higdon was charged with a total of eight criminal offenses in three accusations filed in the Catoosa County Superior Court and one indictment returned in the Walker County Superior Court, each of which was assigned its own case number. The first Catoosa County accusation, filed on January 27, 2010, charged Appellant with three counts of deposit account fraud for delivering a bad check for $850 on February 5, 2009, in exchange for currency, and two bad checks on February 21, 2009, one for $535 and the other for $214, both in exchange for jewelry. The second Catoosa County accusation, also filed on January 27, 2010, charged Appellant with three more counts of deposit account fraud for delivering a bad check for $499 on June 26, 2009, in exchange for a mattress and foundation; a bad check for $286.76 on June 29, 2009, in exchange for a microwave oven and an iron; and a bad check for $150 on July 2, 2009, in exchange for reserving a public swimming pool. The Walker County indictment, filed on April 6, 2010, charged Appellant with the felony burglary of a dwelling house between December 4 and December 10, 2009. The third Catoosa County accusation, filed on August 23, 2010, charged Appellant with one count of misdemeanor theft by taking, alleging that he stole a utility trailer on December 26, 2009.

On November 23, 2010, Appellant entered guilty pleas to all four charging instruments during a hearing in the Catoosa County Superior Court,[1] and he asked the trial court to sentence him as a first

---

[1] Appellant apparently waived the jurisdictional defense of venue in the Walker County case with the prosecutor's approval. See OCGA § 17-2-4 (a) (authorizing a "defendant arrested,

offender as to all eight crimes in the four charging instruments.[2] The trial court ruled that it had no authority to treat Appellant as a first offender on all eight crimes, because he was pleading to different offenses separated by time and place and charged in separate indictments and accusations. Although the court offered Appellant first offender status on the crime or crimes alleged in any one of the charging instruments, he declined the offer as providing him no benefit. The trial court then entered four separate sentences and judgments, three in Catoosa County Superior Court on November 23, 2010, and one in Walker County Superior Court on November 30, 2010. Appellant received concurrent probationary terms of 12 months for theft by taking, three years for each of the six deposit account fraud charges, and ten years for burglary.

Appellant filed four separate appeals in the four cases, which the Court of Appeals resolved in a single opinion, affirming the trial court's ruling on the first offender issue. See *Higdon*, 311 Ga. App. at 387. The Court of Appeals held that the term "one occasion" as used in the sentence, "No person may avail himself . . . of this [first offender] article on more than one occasion," OCGA § 42-8-60 (b), means that first offender treatment is allowed

> for one or more offenses set forth in one charging instrument for one trial, or for one or more offenses set forth in multiple charging instruments consolidated or joined for one trial. In other words, we conclude that "one occasion" of first offender treatment means in a single prosecution of related offenses. There being no evidence that any of the accusations or the indictment at issue were consolidated or joined for prosecution in a single trial, the trial court correctly concluded that each accusation and the indictment represented "one occasion" for purposes of first offender sentencing, and that it could consider giving [Appellant] first offender treatment in one case but not all four.

*Higdon*, 311 Ga. App. at 390.

---

held, or present" in one county to waive venue and trial on an indictment or accusation pending in a second county, but only when entering some form of a guilty plea and "subject to the approval of the prosecuting attorney for each county"). Because the Catoosa and Walker County Superior Courts are both in the Lookout Mountain Judicial Circuit, see OCGA § 15-6-1 (22), the same prosecutor's office handled all of Appellant's charges.

[2] It is undisputed that Appellant had no felony conviction before these cases and was otherwise eligible to be sentenced as a first offender. In particular, none of his Catoosa and Walker County crimes were statutorily ineligible for first offender treatment. See OCGA § 42-8-60 (d).

This Court granted certiorari.

2. (a) In interpreting the first offender statute, we begin as we should with the ordinary meaning of its words, as there is no indication that "one occasion" is used here as a technical or legal term of art. See OCGA § 1-3-1 (b); *Harris v. State*, 286 Ga. 245, 246 (686 SE2d 777) (2009). "One" means one, and as Appellant says, an "occasion" is commonly defined in dictionaries to be the time at which a particular event occurs. See, e.g., Webster's New World College Dictionary 996 (4th ed. 2007) (defining "occasion" as "a happening; occurrence; the time at which something happens; particular time"); The New Shorter Oxford English Dictionary 1972 (1993) (defining "occasion" as "([t]he time or occurrence of) a particular event or happening"). But what is the relevant event — the happening to which "one occasion" refers? As is often the case, the meaning of "one occasion" is found not in the dictionary alone, but in the context of the statute in which the phrase appears. See *Smith v. Ellis*, 291 Ga. 566, 573 (731 SE2d 731) (2012) ("In construing statutes, . . . we do not read words in isolation, but rather in context.").

By saying that "[n]o person may avail himself or herself of this article on more than one occasion," OCGA § 42-8-60 (b) proscribes courts from granting the benefit of first offender treatment to a person more than one time. When such treatment is granted is explained in OCGA § 42-8-60 (a). It occurs when a person has "a verdict or plea of guilty or a plea of nolo contendere" entered against him *and* the trial court enters a judgment permitting him to serve a probationary sentence or term of imprisonment without an adjudication of guilt and with the possibility of being discharged without a criminal record. Thus, reading OCGA § 42-8-60 as a whole, it becomes clear that "one occasion" in subsection (b) refers to the act of granting one first offender treatment under subsection (a). Put another way, a person "avails himself of th[e] article on . . . one occasion" when he has "a verdict or plea of guilty or a plea of nolo contendere" entered against him as to which the trial court enters a judgment granting him first offender treatment instead of imposing a regular sentence with an adjudication of guilt.

Appellant contends that "one occasion" refers to "one hearing" at which any number of criminal charges brought in any number of indictments and accusations are resolved. But the statute makes no mention of hearings. Instead, "a verdict or plea of guilty or a plea of nolo contendere" is ordinarily tied to the charging document on which the State must proceed, as to which the defendant goes to trial and verdict or enters a guilty or nolo contendere plea, and as to which the court enters a written judgment that the defendant may then appeal. See OCGA §§ 17-7-70, 17-7-70.1, 17-7-71 (providing for prosecutors

to proceed on indictments and accusations for various types of felony and misdemeanor offenses); *Keller v. State*, 275 Ga. 680, 681 (571 SE2d 806) (2002) (holding that when a defendant is prosecuted on a multiple-count indictment, the case is not final and appealable until the trial court enters a written judgment on each count of the indictment); *Littlejohn v. State*, 185 Ga. App. 31, 31 (363 SE2d 327) (1987) (explaining that a defendant may appeal his first offender disposition under OCGA § 42-8-64 only after the trial court enters a written judgment imposing first offender status). A defendant has not actually received a first offender sentence until a judgment is entered to that effect. Here, for example, there were four separate charging instruments filed against Appellant, four separate judgments, and four separate appeals (which the Court of Appeals resolved in a single opinion, as do we).

We recognize that multiple charging instruments may be formally consolidated or joined for prosecution and trial. See *Burrell v. State*, 258 Ga. 841, 842-843 (376 SE2d 184) (1989) (holding that a trial court has discretion to join multiple indictments for trial when "the offenses are based on the same conduct or constitute a series of acts connected together or when the acts constitute parts of a single scheme or plan"); *Jackson v. State*, 309 Ga. App. 796, 799 (714 SE2d 584) (2011) (" 'A trial court has discretion to conduct a joint trial on two separate indictments where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.' " (citation omitted)). If such a joinder results in a single set of proceedings culminating in a single judgment, the Court of Appeals may be correct in saying that there is only "one occasion" as to which the defendant may receive first offender treatment. See *Higdon*, 311 Ga. App. at 390. We need not resolve that issue today, however, because as the Court of Appeals noted, there is no evidence that Appellant's three accusations and one indictment were ever consolidated or joined for prosecution, see id., and they likely could not all be joined, given the disparate violations that Appellant committed in different counties over an almost eleven-month period.

We also recognize that there are times when we speak of a verdict or plea in relation to the individual counts of a multi-count indictment or accusation, and there are cases that say,

> when an indictment contains multiple counts, it "really charges a number of distinct and separate transactions, [and] it becomes the duty of the trial court to conduct the case, and of the appellate court to review it, just as if it were a consolidation of separate indictments."

*Wiggins v. State*, 280 Ga. 268, 271 (626 SE2d 118) (2006) (citation omitted). Under this view, a defendant's eligibility for first offender treatment would be limited not to a single charging instrument but to a single charge. But this is not the most common referent of "a verdict or plea of guilty or a plea of nolo contendere," and it would be hard to apply sensibly in this context, particularly because trial courts generally sign and file a single judgment simultaneously disposing of all counts in a multi-count charging instrument. Thus, like the Court of Appeals, to the extent there is uncertainty on this point, we would resolve the doubt in favor of defendants. See *Higdon*, 311 Ga. App. at 389.

In sum, we hold that once "a verdict or plea of guilty or a plea of nolo contendere" has been entered on a charging instrument, and the trial court grants a defendant first offender status for the offense or offenses alleged in that instrument, the defendant has availed himself of the first offender article on "one occasion" and may not benefit from it as to a sentence entered on another indictment or accusation. The fact that the court's sentencing decisions on multiple charging instruments may be orally announced during the same hearing (as happened here), or may be formally entered close in time (as happened with Appellant's three accusations, although the judgment on his indictment was entered a week later), does not change the fact that, when the first judgment is entered, the defendant has benefitted from first offender treatment on a verdict or plea and may not do so again.

(b) Appellant offers several arguments against this conclusion. He contends that the rule of lenity requires us to interpret "one occasion" in the way most favorable to him, which, he asserts, requires reading "one occasion" to mean "one hearing," regardless of the number of indictments or accusations addressed during that hearing. However, the rule of lenity comes into play only to resolve ambiguities that remain "after applying all other tools of statutory construction." *Jackson v. State*, 287 Ga. 646, 653 (697 SE2d 757) (2010). Accord *Banta v. State*, 281 Ga. 615, 617-618 (642 SE2d 51) (2007). Here, applying the basic tools of giving the phrase "one occasion" its ordinary meaning in the context of the statute in which it is used, any ambiguity that remains is between understanding "one occasion" to refer to a verdict or plea to one charging instrument or to one charge and, as discussed above, we give defendants the benefit of that doubt. The phrase unambiguously does not refer to "one hearing."

Appellant also argues that a hearing-focused reading of "one occasion" is implied by OCGA § 17-10-7 (d), which provides that "[f]or the purpose of this Code section [on repeat offenders], conviction of

two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be one conviction." Appellant contends that, had the legislature meant for the first offender statute not to apply to multiple charging instruments addressed at one hearing, it would have mirrored the language of this recidivist statute regarding "one indictment or accusation." We are not sure that OCGA § 17-10-7 (d) sheds light on the meaning of OCGA § 42-8-60, as the operative event for the former is a "conviction" and for the latter is a "verdict or plea." If anything, it appears that the General Assembly needed to include subsection (d) in OCGA § 17-10-7 to prevent "conviction" from having its more common charge-based meaning, see, e.g., *Deal v. United States*, 508 U. S. 129, 132 (113 SC 1993, 124 LE2d 44) (1993), which would have allowed recidivist sentencing even where a defendant is convicted on individual counts of a single indictment or accusation or in multiple charging documents consolidated for trial. The absence of similar language in OCGA § 42-8-60 actually suggests that the "verdict or plea" referent for "one occasion" has its customary meaning, which is tied to a single charging instrument.

Appellant also focuses on the policy behind OCGA § 42-8-60, which he asserts is to allow trial courts the discretion to give "worthy" defendants the benefits of first offender treatment when they enter guilty pleas and are sentenced in multiple cases at the same time. However, the legislature expresses its policy in the text of the statutes it enacts. See *Anthony v. Am. Gen. Financial Svcs.*, 287 Ga. 448, 450 (697 SE2d 166) (2010). As explained above, the statute here plainly grants trial courts the discretion to sentence a defendant as a first offender, but only where the defendant has not availed himself of such treatment on another occasion, meaning with respect to another verdict or plea. We would hesitate in any event to divine a policy that allows a defendant who commits multiple unrelated crimes, at different times and places, properly charged in separate accusations or indictments,[3] to be sentenced as a first offender with respect to *all* of

---

[3] The Georgia Association of Criminal Defense Lawyers, in an amicus curiae brief filed in support of Appellant, argues that to limit first offender treatment to a verdict or plea entered on a charging instrument gives prosecutors complete discretion over first offender treatment, permitting them, for instance, to file ten one-count indictments instead of one ten-count indictment to preclude first offender treatment for all but one offense. However, under OCGA § 16-1-7, if a prosecutor knows that a defendant has committed numerous crimes arising from the same conduct and those crimes are within the jurisdiction of a single court, the prosecutor must pursue them in a single prosecution, unless the trial court "in the interest of justice . . . order[s] that one or more of such charges be tried separately." OCGA § 16-1-7 (b), (c); *State v. McCrary*, 253 Ga. 747, 748 (325 SE2d 151) (1985) (holding that "a successive prosecution is barred when the conduct of an accused establishes more than one crime and they

those offenses, solely because of the happenstance that the multiple cases could be and were resolved at the same hearing. Under such a scheme, defendants who committed the same offenses would be sentenced entirely differently depending on when the police solved the various crimes; when the prosecutors filed the resulting accusations and indictments; whether the crimes occurred in a single county, or if not, whether the defendant waived venue and the prosecuting attorney(s) consented to the waiver (as occurred here, see footnote 2 above); whether the trial court set the cases for hearing on the same or different days; and whether the pleas or verdicts were all entered at that time.[4]

For these reasons, the Court of Appeals correctly concluded that the trial court did not err in declining to grant Appellant first offender treatment on all the crimes in the four separate charging instruments to which he pleaded guilty.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 2012.

*Jad B. Johnson, David J. Dunn, Jr.*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Jennifer A. Hartline, Elizabeth O. Evans, Assistant District Attorneys*, for appellee.
*Hogue & Hogue, Franklin J. Hogue, James C. Bonner, Jr., J. Scott Key*, amici curiae.

---

are not prosecuted in accordance with OCGA § 16-1-7 (b)"). The law of joinder and severance also guards against abuses of the discretion prosecutors do have. See, e.g., *Burrell*, 258 Ga. at 843 (holding that a trial court has discretion to consolidate two or more indictments for trial when "the offenses are based on the same conduct or constitute a series of acts connected together or when the acts constitute parts of a single scheme or plan").

[4] We also give no weight to the policy arguments made by the District Attorney, which similarly are not tied to the text of the statute.